DETERMINED IN

# THE SUPREME COURT

OF

## WYOMING TERRITORY.

## MAY TERM, 1870.

---

## THE WESTERN UNION TELEGRAPH COMPANY
### v. MONSEAU.

EVIDENCE—VERDICT.—If there is evidence before a jury tending to prove the material allegations of the complaint, and sufficient facts to establish the cause of action, the verdict should be sustained, unless it appears to the appellate court that the jury has either misunderstood the evidence or that the jurors have been influenced by bias or prejudice. Where there is no evidence, however, to sustain the verdict, or where it has been found directly contrary to the evidence, it should be set aside and a new trial granted.

ERROR to the District Court for Laramie County.

This action was brought by Monseau, defendant in error, to recover of the Western Union Telegraph Company the sum of one thousand six hundred and ninety-six dollars and fifty cents and interest, for seven hundred and fifty-four telegraph poles alleged to have been sold and delivered to said company, at its request, for the price of two dollars and fifty cents for each pole. The answer contained a general denial, and the cause came on for trial before Chief Justice Howe and a jury.

2

The evidence introduced by the plaintiff directly tended to prove the allegation of the complaint, and that the telegraph poles mentioned therein were furnished by Monseau to said company in accordance with the terms of a contract made by one Martin Hogan, its authorized agent. The testimony on the part of the defense, while it, to a certain extent, corroborated the evidence of the plaintiff as to the delivery of the poles in question, tended to prove that Hogan was not authorized to make such contract on behalf of said telegraph company, and that he did not make such contract. Numerous exceptions were taken during the trial, but the principal one was to the overruling of the defendant's motion to set aside the verdict and for a new trial. In that motion but two errors were assigned, of which the second only was considered by the court, viz., "Because the evidence in the case was insufficient to sustain the verdict." A verdict was rendered for the plaintiff for one thousand nine hundred and eighty-three dollars and forty-eight cents, and judgment ordered thereon, and the case was taken by writ of error to the supreme court.

*D. McLaughlin,* for plaintiff in error, contended:

I. That there was not sufficient evidence to establish the fact that Hogan was the duly authorized agent of the company.

II. That the evidence was insufficient to prove that any contract was made between Hogan and the defendant in error, and cited: Angell and Ames on Corp. 286, 289; *Hayden* v. *Middlesex Turnpike Cor.* 10 Mass. 403; *Martin* v. *Grant Falls Manuf. Co.* 9 N. H. 51; Paley's Agency, 192, 202, 203, 204, 205; *Adriance* v. *Roome,* 52 Barb. 399; Paley's Agency, 178, 179, 201; 2 Kent, 620 *et seq.; Hammond* v. *Mich. State Bank,* Walk. Ch. R. 214; Story on Agency, 166, 170, 172; Smith's Mercantile Law, 2d. ed. 29.

*E. P. Johnson,* for defendant in error, urged that there was sufficient evidence adduced by the plaintiff in the court below to sustain all the material allegations contained in

his complaint, and cited: Nash's Pr., New Trials; 18 U. S. Digest, New Trials; Story on Agency, secs. 52, 53, 54, 55, 56; Angell and Ames, 298; Story on Agency, secs. 73, 126, 127, 443; Redfield on Railways, 510.

By the Court, KINGMAN, J.  This case came up on error from the first judicial district.  The exception taken in the court below was to the ruling of the judge refusing to set aside the verdict, on the ground that there was not sufficient evidence to sustain a verdict for the plaintiff.

The law as given to the jury is not objected to by counsel for the defendant, and this court does not differ with counsel as to the law as now contended for by him.  The only question here is, did the jury find their verdict without evidence, or against the evidence, so that it cannot be sustained.

The rule of law in this case is well settled.  If there is reason to suppose that the jury have mistaken or misunderstood the evidence, or that they have been carried away by passion or prejudice, and thereby have done evident injustice to either party, it is the duty of the court to set aside their verdict and grant a new trial.  But if there is evidence proper to be submitted to a jury on the issue before them, it is their province to weigh it; and it must be a very clear case, appealing very strongly to the conscience of the court, to induce or permit us to interfere with their decision.  It is not sufficient that another jury might probably arrive at a different conclusion, nor that the court should be entirely satisfied with the verdict; if there is evidence proper for them to consider and tending to prove the issue presented, we must be satisfied with their judgment, unless it is made to appear that their judgment has been unfairly exercised.

In the case before us, there is material and pertinent evidence tending to prove the issue on the part of the plaintiff. This is met and contradicted by evidence on the part of the defendant; but we cannot say that it is fully overcome, or that injustice has been done by the verdict.

The ruling of the court below is sustained, the motion for a new trial overruled, and the judgment affirmed.