## FEIN *v.* TONN.

EVIDENCE.—Evidence introduced in support of a counter-claim is inadmissible where it tends to establish a cause of action different from that set up in the answer ; and without consent the cross suit cannot be amended so as to admit the evidence.

JURISDICTION OF APPELLATE COURTS : WEIGHT OF EVIDENCE.—Where an appellate court is empowered to revise upon the facts, it can never reverse them, simply because upon the evidence, as submitted to it, it would have arrived at a different conclusion, and can only reverse where the verdict,—or if the trial was by the court, without a jury, the findings below,—were so clearly against the weight of evidence that no mind of fair intelligence, faithfully exercised, can be reasonably supposed to have arrived at the result complained of.

ERROR to the District Court of Albany County.

On the 30th day of December, 1875, the defendant in error filed his petition against the plaintiff in error, in the district court of Albany county, Wyoming Territory, to recover the sum of $590.83 for goods, wares and merchandise before that time sold and delivered. Thereafter the plaintiff in error filed in said court his answer to said petition, on the 3d day of February, A. D. 1876, first denying any indebtedness, and pleading offset in the sum of seventeen hundred and seventeen and thirty-seven one-hundreths dollars ($1,717.37.)

The general denial was replied to the counter-claim, and upon the issue thus made the cause came on for trial before a jury; and, after the evidence was presented, they returned their verdict into court, finding in favor of the defendant in error in the precise sum named in his petition, viz., $590.83.

*Brown & Brockway,* for plaintiff in error.

When the verdict of a jury is clearly against the weight of evidence, it should be set aside and a new trial granted by the court; and particularly is this true when the verdict is so manifestly against the weight of evidence as to indi-

cate the existence in the minds of the jury of prejudice or passion. See 7 Mass., 261; 13 Mass., 507; 4 Conn., 102; 12 Conn., 487; 3 J. J. March, 440; 3 Blackf., 304; 1 Bibb, 334; 5 Ohio, 245 and 509; 12 Ohio, 151.

*C. W. Bramel and I. P. Caldwell,* for defendant in error.

The court will not set aside a verdict and grant a new trial upon the sole ground that the verdict was not sustained by sufficient evidence, unless it is manifest that the jury acted in a total disregard of the evidence. They did not so act in this case.

PECK, J. — This is an action of assumpsit brought by Tonn against Fein, for merchandise sold and delivered on account; a bill of particulars being filed with, and by reference made a part of, the petition; the defendant below plead the general denial, and a counter-claim for merchandise sold and delivered, and moneys advanced; the general denial was replied to the counter-claim.

Tonn testified for himself, and was asked if he had ever presented the account to the defendant, and, if so, what the latter said, if anything, respecting it; to which objection was made on the grounds of irrelevancy and incompetency, and as assuming that the suit was on an account, though it was not so alleged in the petition; the objection was over-ruled, and an exception taken; the question was properly allowed.

The witness answered that he did present the account, and the defendant admitted that it was correct, except that it did not show sufficient credits; that he showed the defendant his, the witness' books, when he had settled with the defendant in 1871. Here the defendant moved that the answer be stricken out, and the motion being denied, excepted; the motion was properly denied, because the objection specified no ground, and the answer was strictly responsive.

The witness was asked if the defendant had given to him an order in payment of the account; having answered that he gave to him an order on the clerk of the court for whatever was coming to him, the defendant, on a certain judgment, the witness was then asked what, if anything, the defendant said on the occasion of giving the order, about paying the balance of the demand; the objection to the first question above stated was renewed to each of these subsequent questions, was overruled and an exception taken. These two subsequent questions were properly allowed.

The order was produced, identified, and offered in evidence; it was an order dated June 30, 1874, made by Fein on the clerk, requesting him to "*sign the balance which is left on judgment over to M. G. Tonn.*" The defendant objected to its admission on the ground that it was irrelevant and incompetent, specified no amount, and had no tendency to show an admission of Tonn's claim; the objection was overruled and an exception taken; the instrument was properly admitted.

Evidence was introduced on both sides, under the issue raised upon the petition, and conflicted. The only evidence introduced to support the counter-claim, was testimony tending to show that Tonn was indebted to Fein for moneys collected and goods sold by the former for the latter, and for a balance in a partnership account in a mining transaction; and this conflicted with counter-evidence introduced by Tonn. The evidence so introduced in support of the counter-claim was not objected to. The district court instructed the jury at the request of the defendant below, that the plaintiff below could not recover, unless his petition was sustained by a preponderance of testimony; that should he fail so to sustain his petition, and they should find from the evidence that at the commencement of the suit he was indebted to the defendant in a sum certain, "as alleged in the counter-claim," they should find for the latter; and further instructed the jury that they were the sole judges of the weight of the evidence, and so far as it was conflicting,

that they were to endeavor to reconcile it, and do justice between the parties. The jury rendered a verdict for the plaintiff below for the full amount of his claim; the defendant moved for a new trial upon the grounds that the verdict was not sustained by evidence, was excessive, was rendered under prejudice, and was against law; the motion was overruled and an exception duly preserved.

Does the motion affect the verdict, as a verdict against the counter-claim? The evidence introduced in support of the counter-claim tended to establish a cause of action different from that set up in the answer; and would have been inadmissible, had the plaintiff objected to it, nor without consent could the cross suit have been amended, so as to admit of the evidence; whether this incompetency was caused by the omission to object is unnecessary for us to, and we do not decide; it is sufficient that under the charge given at the defendant's request, the jury was confined to the issue, which had been raised upon the counter-claim, aud would therefore find nothing due him, "as alleged in it;" they found nothing for him under it, and thus obeyed the instructions; had they found for him under it, that disregard of the charge would have been a conclusive reason for vacating the verdict. As the defendant's request to charge restored the cross-suit to its proper issue, assuming that it had been displaced from that issue by the plaintiff's omission to object, and so brought it to its right conclusion, the verdict is not now open to criticism as respects the counter-claim. It must be presumed that a jury follows the charge until the contrary appears: the presumption holds in this case, because the verdict in this part of it matches, and thus verifies the presumption; we conclude therefore that the jury arrived at this result, by disregarding the evidence introduced under the issue made upon the counter-claim, because none of it was pertinent to that issue, and not by weighing the conflict that existed in that evidence. It is morally clear, we admit, that, in making the request, the defendant contemplated no such construc-

tion of it, but on the contrary sought to secure under the counter-claim the verdict which his evidence tended to establish: but such a consideration cannot affect our construction of the record ; we must treat it according to its legal effect. For all the purposes of the motion, therefore, the case stands as if no counter claim had been set up, nor evidence introduced to show one. But further, if the charge as to the counter-claim is open to any criticism, it is to criticism on the part of the plaintiff: for the requests to charge confined the defendant's claim to a verdict in the cross-suit to the demand set up in the answer; the court should in terms have directed the jury wholly to disregard the claim, on the ground that there was no evidence in the case relating to it, and not, as it did, to have left it to them to determine a question of law, by determining whether there was or was not such evidence in the case.

It is proper to remark in concluding this part of the case, that, had it been right for the jury to dispose of it by weighing the evidence which was introduced respecting it, and we could see that they did so dispose of it, we should find in their conclusion no ground for disturbing the verdict as rendered against the weight of the evidence in the sum stated below. Does the motion affect the verdict as a verdict sustaining the petition? Nothing indicates that it was rendered under prejudice. The testimony introduced under the issue raised upon the petition, was contradictory ; and the jury were properly instructed as to their duty respecting it.

In the case of the *Hilliard Flume & Lumber Co.* v. *Wood,* 1 Wyo., 411, we said—"where an appellate court is empowered to revise upon the facts, it can never reverse on them, simply because upon the evidence, as submitted to it, it would have arrived at a different conclusion ; and can only reverse when the verdict, or, if the trial was by the court without a jury, the findings were so clearly against the weight of evidence, that no mind of fair intelligence and faithfully exercised can be reasonably supposed to have

arrived at the result which is complained of; or, to state the rule in a different form, but as conveying the same idea, tends to an opposite conclusion; which is to say, reducing the rule to a brevity, where the evidence is all one way and the verdict or findings another. In that case the court added—"this rule is not founded merely in the respect which is due from an appellate to an inferior court, but in the very necessities of justice; a less stringent rule would would inevitably invite every appellant to a new trial upon the facts in the appellate court." We adhere to that exposition. Applying this rule we cannot see that the verdict upon this branch of the case is not sustained by the evidence, is excessive or against the law.

The judgment is affirmed, with costs of the appeal, but without the five per cent. allowed upon dilatory appeals.

Judgment affirmed.

BLAIR J., dissenting.