Blaik, J.
This case comes here upon a •writ of error from the district court held in and for the county of Baramie. The facts are that the defendant in error here sued the plaintiff in error here in the court below on an alleged verbal agreement or understanding, under which Davis was to ranch certain cattle belonging to Ketchum, at the price of five dollars per head per annum. Ketchum appeared to the action, and in his amended answer filed a general denial to the first, second, and third causes of action in the plaintiff’s petition contained ; and for a second and further defense pleaded, in substance, by way of avoidance, that the cattle received by the plaintiff from the defendant, to ranch under said verbal agreement or understanding, were turned and put into a certain field and inclosure, which the plaintiff claimed, controlled, and used, and of which he claimed the possession, to be pastured and inclosed ; that said field was surrounded by a good and substantial fence maintained by the plaintiff, and that the said plaintiff agreed to and with the defendant, for the consideration of five dollars per head per annum, to maintain said inclosure, and to allow defendant’s cattle to pasture in said field and inclosure, and graze upon the lands embraced in said field; that said field or inclosure embraced and contained a large body of government or public lands belonging to the United States of America, and subject to disposal, settlement, and entry under the pre-emption, homestead, and other laws of the United States; that the lands thus inclosed, and which were a part of the public domain, largely exceeded in area and quantity 160 acres, were not claimed or held by said plaintiff under any of the land laws of the United States, and that the plaintiff had no right to the possession of the same, and that they were not settled upon or occupied or entered by any other person or persons under any of said laws; that the maintaining of said fence and the inclosing of said public lands, thereby separating them from the rest of the public domain, and appropriating them to the plaintiff’,s^own use, was and is unlawful and illegal, constituting an unwarranted trespass upon said lands, and was and is a public nuisance; that themaintainingofsaid fence prevented the free disposal of the said lands under the various laws of the United States, preventing and retarding settlement upon and occupation of said land under said laws, deprived the public of their rights in and to said lands, and violated the policy of the government in regard to the use, settlement, and disposal of its public domain; that to carry out and comply with said contract the plaintiff was obliged and bound to maintain said fence and inclosure, and pr. vent others from interfering with his possession of said public land, and that in the absence of said unlawful fence the cattle of said defendant could have grazed upon said lands freely and without molestation, and at no expense to the defendant; and, further, that although it is true that some of the lands embraced within said field or inclosure were what is known as lands granted to the Union Pacific Railroad Company by congress, that the consideration aforesaid is not capable of severance, either by an agreement of said parties or computation; that for these reasons the said verbal agreement entered into by the parties was against public policy, and consequently illegal and void, and without any valid or meritorious consideration. To this defense the plaintiff filed a denial to each and every allegation therein contained. The parties to the action, it would seem, having more confidence in thejudgment of. the court than a jury, waived the right of atrial by a jury, and submitted all questions, both of law and fact, to the decision of the court. The courtheard theevi-dence, and found, upon the issue joined, for the plaintiff. The defendant filed his motion for a new trial upon the following grounds, to wit: First, because the findings and the decision of the court are not sustained by sufficient evidence; second, because the findings and decision of the court are contrary to law; third, because the court erred in finding and deciding upon the issue joined in favor of the plaintiff and against the defendant. The motion being overruled, the defendant excepted, and brings the case here upon a writ of error for review.
Whether the court below erred in its findings depends upon the question whether the defendant made good his second defense set up in his amended answer to the first, second, and third causes of action set forth in the plaintiff’s petition. This defense, being of an affirmative character, must be proven by a preponderance of evidence. We have read *167 with due care the testimony given on the trial, and find, as is usually the ease in actions founded on verbal agreements or understandings, that the parties had no difficulty in disagreeing as to all material matters. This court has time and again decided that it will not reverse the decision of the trial court when the evidence is conflicting, and when there is evidence tending to sustain the findings of the court, unless the findings of the court are so clearly against the weight of the evidence as to make it manifest that the evidence was entirely disregarded, or that the court was influenced by passion or prejudice, or acted from some improper motive. Telegraph Co. v. Monseau, 1 Wyo. 17; Bank v. Dayton, Id. 330; Byrne v. Myers, Id. 352; Flume, etc., Co. v. Woods, Id. 396; Fein v. Tonn, 2 Wyo. 113; Garbanati v. Hinton, Id. 271; Edwards v. O’Brien, Id. 493.
We think under the pleadings there is sufficient evidence to sustain the findings and decision of the trial court, and for this reason the judgment of the court below is affirmed.