## KINNEY v. BARNHISEL

(No. 2034; March 28, 1938; 77 Pac. (2d) 807)

For the appellant, there were briefs by *C. A. Brimmer* of Rawlins, Wyoming, and *Edward L. Wood* of Denver, Colorado, and oral argument by *Mr. Wood.*

For the respondent, there was a brief and oral argument by *G. J. Christie* of Lander.

RINER, Justice.

This case arose in consequence of a collision between a passenger automobile and a truck, which inflicted certain personal injuries upon the plaintiff and respondent, Della M. Kinney. The case was tried to the court without a jury, and the plaintiff obtained a general finding in her favor, with a judgment accordingly. C. J. Barnhisel, doing business under the name of The Red Bird Trucking Company, defendant and appellant, has brought the record made in the district court of Fremont County here for review by direct appeal.

The only issue raised by the pleadings was one of fact and was, simply stated, whether the passenger car or the truck was on the wrong side of the road when the collision took place.

It is shown by the record submitted that about ten o'clock on the night of August 2, 1935, the plaintiff, with a companion, Mrs. Martha Meeks, was driving on a straight piece of graveled highway between Rawlins and Lander, Wyoming, on their way to the town last mentioned. In the neighborhood of eighteen miles from Lander plaintiff's car met a truck owned by Barnhisel and driven by one of his employees, accompanied by another employee who at times acted as relief driver. This vehicle was moving along the highway in third speed about fifteen miles an hour, up the slight grade which prevailed along the straight stretch of road already mentioned, in the direction of Rawlins. This truck, including its attached semi-trailer, was about 29 or 30 feet over-all in length, 7

feet 6 inches wide in its extreme width, was equipped with single wheels in front, dual wheels and tires on the rear or power axle of the truck, and the semi-trailer was attached to the chassis of the power unit or truck by a pin or fifth wheel and also had dual wheels and tires in the rear. The bodies of both the truck and the semi-trailer—except the driver's cab on the truck—were of the platform type and without inclosed or built-up sides, the semi-trailer part of the vehicle being about 20 feet in length and extending approximately 4 feet over the rear axle of the power unit.

The accident happened as the two vehicles attempted to pass each other. So far as can be ascertained from the evidence brought out on the trial, the impact was received by the truck only on the rim of its left rear tractor wheel, and by the passenger car on the left end of its front bumper or left front wheel hub. After the collision the driver of the truck stopped it, and, with his companion, using flashlights, first examined the truck wheel where the impact apparently occurred, as the wheel disclosed a badly bent tire rim. Shortly thereafter, hearing a woman call for help, both men hurried down the road toward Lander a short distance, where they found the plaintiff standing on their then left side of the road and her car, with her companion, Mrs. Meeks, in it, off the highway on that side where it had come to a standstill in a ditch or gully about 50 or 60 feet from the roadway. They assisted Mrs. Meeks from the car and helped her back up to the road, where one of the men remained with her. Meanwhile the driver of the truck, with Mrs. Kinney, who had walked back to where the truck was, proceeded up the road toward Rawlins to a place where the maneuver could be executed safely, turned around, came back on the left side of the road, picked up Mrs. Meeks and the man who

was looking after her, and the women were taken to the hospital in Lander for surgical aid.

Later that same night, the truck driver and his companion, in company with the sheriff of Fremont County, whom they had summoned and who died before this case was tried, together with his deputy, returned to the scene of the accident and endeavored to obtain the location of the vehicles when the accident happened. Upon the conclusion of this investigation the truck men were told by the sheriff that they might proceed on their way to Baggs, Wyoming, their original destination. The day after the accident other persons also went to the place where the collision occurred with the same purpose in mind as the officials above named. These people and the deputy sheriff gave their testimony at the trial, as, of course, did the four persons who were riding in the car and truck respectively.

Appellant in his brief puts the problem to be resolved in this form:

"Since the two vehicles collided on a straight piece of road, there is no doubt whatever that it was caused by the negligence on the part of the driver of one of the vehicles in permitting it to proceed wholly or partly upon the wrong side of the road. Therefore, the vital question in the case is: Where were the vehicles when they collided?"

With this statement we quite agree.

The evidence submitted on behalf of the plaintiff and her witnesses tended to show that she was on her right side of the highway at the moment of impact and that the tracks of her car as left upon the road so indicated. The proofs tendered by the defendant were to the effect that the truck was on its right side of the road when struck and that the plaintiff was at fault in crossing the center of the highway, and so negli-

gently striking the heavier vehicle, and that the tracks of the truck upon the extreme right shoulder of the roadway confirmed this theory.

It is apparent that the testimony in the case was conflicting. This statement of the status of the evidence the defendant undoubtedly recognizes as correct, for in his brief he states:

"With regard to the position of the truck and car at the moment of impact, the path taken by plaintiff's car after the collision, the speed of plaintiff's car, the brightness of the lights on the plaintiff's car, and the extent of the plaintiff's injuries, there is some conflict in the testimony."

Yet he argues at length in his brief here submitted and so urged upon the hearing in this court that:

"The undisputed testimony regarding the point of contact between the two vehicles demonstrates that the accident could only have been caused by negligence on the part of the plaintiff."

It is not the province of this court to disentangle and weigh conflicting testimony. The result we are obliged to announce in the disposition of this case does not mean, as we have before often said, that if this court were entitled to weigh the evidence and determine the preponderance thereof, we would have reached the same conclusion as the district court. Those functions are left by a long unbroken line of decisions in this jurisdiction, which it is unnecessary to cite, in the hands of the trial court. We are not asked to, and cannot, overturn them. As long ago as the case of Ketchum v. Davis, 3 Wyo. 164, 13 Pac. 15, it was stated:

"This court has time and again decided that it will not reverse the decision of the trial court when the evidence is conflicting, and when there is evidence tending to sustain the findings of the court, unless the findings of the court are so clearly against the weight

of the evidence as to make it manifest that the evidence was entirely disregarded, or that the court was influenced by passion or prejudice, or acted from some improper motive. Telegraph Co. v. Monseau, 1 Wyo. 17; Bank v. Dayton, Id. 336; Byrne v. Myers, Id. 352; Flume, etc., Co. v. Woods, Id. 396; Fein v. Tonn, 2 Wyo. 113; Garbanati v. Hinton, Id. 271; Edwards v. O'Brien, Id. 493."

It is argued on behalf of appellant that the damages are excessive. As already indicated, in the opinion of counsel for the defendant the evidence as to the extent of plaintiff's injuries was in conflict. The record discloses beyond dispute that plaintiff's injuries consisted of a compound fracture of the bones of the nose, two tendons of the left hand badly cut, and a broken rib. Two physicians testified that at the time of the trial, a year and four months after the collision, she had not recovered from the effects of the accident, and that in their opinion she would not do so in the future; also that the blow over the chest suffered by plaintiff in the accident and which fractured the rib, had injuriously affected the liver and gall bladder and that this condition would continue unless it could be repaired by surgery, a matter they had not undertaken to determine. One physician, testifying for the defendant, stated that he had examined the plaintiff about six months before the trial, and in his opinion the trouble in connection with the plaintiff's internal organs above mentioned arose not in consequence of the accident, but was due to natural causes, she being some sixty-seven years old. We agree with counsel that the evidence as to the extent of her injuries was conflicting. What has been said above relating to the basic question of liability is likewise here applicable.

Upon the evidence concerning the point, which must be taken as true under the trial court's general finding in favor of the plaintiff, we are not inclined to inter-

fere with the judgment as rendered. We must, therefore, enter an order affirming it.

*Affirmed.*

BLUME, C. J., and KIMBALL, J., concur.