# CASES DETERMINED

## January Term, 1872.

---

### GRACE VS. NEWBRE.

31  19
99  636

ACCOUNT STATED. (1) *Plaintiff, seeking to surcharge account stated, cannot object to defendant doing the same.*

PLEADING. (2) *Inconsistent denials.* (3) *Amendment of answer.* (4) *Proposed amendment not verified, but not objected to on that ground.*

COSTS.— ATTORNEY'S FEES. (5) *Not limited to $25 in equitable actions.*

1. Since he who asks equity must do equity, where plaintiff, after an account stated between him and defendant, asks to have the same opened, and to surcharge it by reason of errors committed against his interest, he cannot object to the correction of other errors therein committed against the defendant.

2. Where the original answer denied that there had been an account stated between the parties, an amendment which alleged, in substance, that if the transactions between them amounted to the stating of an account, then such account, by reason of certain mistakes, was stated at too large an amount against defendant — *held*, not inconsistent with the original denial.

3. The original answer having alleged errors to defendant's prejudice, in partnership accounts between the parties, as kept in the books of the firm, and it having been shown at the trial that the account stated between the parties was made up of the accounts in said books, it seems that defendant should have been permitted, *without amending* his answer, to surcharge or falsify the account. If otherwise, the amendment should have been allowed.

4. If the proposed amendment was not verified, but was not objected to on that ground, this court must presume that, had it been allowed, the amended answer would have been verified at once; such being understood to be the practice at the circuit, where an amendment is allowed at the trial without continuing the cause.

5. Sec. 41, chap. 133, R. S., as amended by chap. 402, Laws of 1864, limits the amount of attorney's fees to twenty-five dollars only in " actions at law upon contract; " and equitable actions are not subjected to any such limitation.

APPEAL from the Circuit Court for *Milwaukee* County.

The complaint alleges that the parties, having had mutual dealings in the purchase and sale of gas tar, etc., had a mutual accounting in respect to such dealings on the 22d of July, 1869, upon which the account between them was stated, and a balance of $2,626 was found to be due to the plaintiff from the defendant on final adjustment thereof; that on the 15th of August, 1869, the defendant paid the plaintiff $1,000, on account of such balance; and that, in stating said account, there was an error of something over one thousand dollars, made in footing up the amount of sales in November, 1867, against the plaintiff. The relief sought is, that the account be surcharged by adding thereto the amount omitted by reason of such mistake, and that the plaintiff have judgment for the unpaid balance due him on such corrected account, and the interest thereon.

The answer of the defendant denies that the parties ever stated an account, but admits that they had mutual dealings as stated in the complaint. It further alleges that they were equal partners under the name and style of M. Newbre & Co.; that the books of account, showing all the transactions of such copartnership, were kept, during the whole term thereof, by the plaintiff exclusively; that until this action was commenced, the plaintiff refused to let defendant examine such books; and that in many respects, particularly specified in the answer and in schedules annexed thereto and made a part thereof, there are errors and omissions in said books against the defendant, to the amount of several thousand dollars.

The answer " prays a dissolution of the partnership, and for an accounting."

The testimony introduced upon the trial showed that the

Grace vs. Newbre.

account which the complaint alleges was stated by the parties, is contained in the partnership books, mentioned in the answer; and also, that in footing the account of sales for November, 1867, a mistake or omission against the plaintiff occurred as stated in the complaint, and to the amount therein stated. Upon the question whether the parties stated the account, the testimony was conflicting; but there seems to be a preponder· ance of the evidence in support of the proposition that the account was stated by them, as claimed by the plaintiff.

The defendant asked leave, upon the trial, to amend his answer by inserting therein averments to the effect that the transaction between the parties which constituted the alleged stating of the account, had reference to and was based upon the books of account kept by said firm, and that the result which it is alleged in the complaint was reached by the parties, embraces the mistakes stated and set forth in the original answer. The proposed amendment was accompanied by an affidavit of merits in due form.

Leave to make such amendment was refused by the court; and the court excluded all testimony offered by the defendant tending to show that the books contained the errors and omissions set forth in the answer and the schedules annexed thereto.

The court found substantially that the complaint was true, and that the plaintiff was entitled to the relief therein demanded, and gave judgment against the defendant for the unpaid balance due from him to the plaintiff, upon the account stated, after correcting the same in accordance with the facts stated in the complaint.

From that judgment the defendant appealed.

*Carpenter & Murphey*, for appellant, argued, among other things, that the evidence did not show an account stated; that if it did, still the court erred in refusing to let the defendant show errors therein as against him; that where one party is allowed to prove the account erroneous, the other may (2 Daniell's Ch. Pr., 191; 1 Mad. Eq., 144; 1 Story's Eq., § 525; *Floyd*

*v. Priester*, 8 Rich. Eq., 248); that he who asks equity must do equity; that at the common law, under the plea of the general issue upon an account stated, the defendant may prove the account mistaken (2 Greenl. Ev., 128; *Thomas v. Hawkes*, 8 M. & W., 140; *Perkins v. Hart*, 11 Wheat., 256; *Holmes v. D' Camp*, 1 Johns., 34); that an account stated is at best but *prima facie* evidence of a liability, and, like any other admission of a party, may be proved mistaken or erroneous, though the burden is upon the party charging the error or mistake, to prove it. 2 Greenl. Ev., 128; 2 Daniell's Ch., 188; 1 Story's Eq. Jur., §§ 527, 528; *Trueman v. Hurst*, 1 Term, 42; 3 Phillipps' Ev., 363, note 1031.   Counsel further argued that the original answer was sufficient to admit defendant's proof of errors in the books upon which the alleged accounting was based, and which were introduced in evidence by the plaintiff; but if otherwise, that the proposed amendment to the answer should have been allowed; that pleas not inconsistent under the former practice are not so under the code (Van Santv. Pl., 521; *Lansingh v. Parker*, 9 How. Pr. R., 288), and that under the former practice, in an action upon an account stated, defendant might impeach the account (*Thomas v. Hawkes, supra*); that defendant may set up as many defenses as he may have, notwithstanding it may appear that if one of them be true the others are immaterial and unnecessary (*Mott v. Burnett*, 2 E. D. Smith, 50; How. Code, 248; *Hackley v. Ogmun*, 10 How. Pr. R., 44; *Corning v. Corning*, 2 Seld., 97); that inconsistent defenses are admissible, though plaintiff cannot be put to proof of any fact admitted in any one of them (*Bush v. Prosser*, 1 Kern., 347; *Hartwell v. Page*, 14 Wis., 49; *Hollenbeck v. Clow*, 9 How. Pr. R., 289; Van Santv. Pl., 523; *Hopper v. Hopper*, 11 Paige, 46); and that if the defenses pleaded are really inconsistent, it is not for the court but for the defendant to select upon which defense he will rely, and that, upon motion made by the plaintiff for that purpose. Van Santv. Pl., 523; *Porter v. McCready*, 1 Code R., 88.

*Jenkins & Elliott*, for respondent, argued that if the account-

ing alleged in the complaint was had, it could only be impeached for fraud and mistake; that the settlement was conclusive (*Martin v. Beckwith*, 4 Wis., 221; *Wilde v. Jenkins*, 4 Paige, 481; *Lockwood v. Thorne*, 11 N. Y., 170; *Toland v. Sprague*, 12 Peters, 333); that the proposed amendment to the answer was properly denied, because inconsistent with the defense therein set up (*Roe v. Rogers*, 8 How. Pr. R., 356; *Arthur v. Brooks*, 14 Barb., 534, and cases cited; *Ostrom v. Bixby*, 9 How. Pr. R., 59; *Hollenbeck v. Clow*, id., 290; *Smith v. Wells*, 20 id., 158; *Hartwell v. Page*, 14 Wis., 52); that the statute does not authorize an amendment which amounts to a new cause of action or defense (*Union Bank v. Mott*, 18 How. Pr. R., 506; 4 Duer, 362; 1 Hilt., 45; 2 Bosw., 248; 53 Barb., 525, 570; 3 Rob., 621; 5 id., 619; 13 Abb. Pr. R., 207; 19 How. Pr. R., 233; 11 Wis., 556; 12 id., 378; 15 id., 641; 19 id., 82, 249; 23 id., 199); that the proposed amendment was not verified, and could not have been, as it was inconsistent with the answer already verified; that the proposal to amend after the evidence was all in, and the accounting fully established, so as to admit and avoid what had theretofore been denied, was merely vexatious, and bore upon its face evidence of bad faith (*Sweet v. Mitchell*, 19 Wis., 524); and that the motion to amend on the trial is addressed to the discretion of the court, and is not the subject of an exception, nor reviewable on a motion for a new trial, or on appeal.   *Meyer v. Fiegel*, 7 Rob., 122; *Richtmeyer v. Remsen*, 38 N. Y., 206; *Hendricks v. Decker*, 35 Barb., 298; *Roth v. Sloss*, 6 id., 308; *Brown v. McCune*, 5 Sandf., 229; *White v. Stevenson*, 4 Denio, 193; *Union Bank v. Mott*, 11 Abb. Pr. R., 45 and 46; *Gillett v. Robbins*, 12 Wis., 319.

LYON, J.   We are of the opinion that the defendant should have been allowed to show that the account in the partnership books contained errors, and that items were omitted from it which ought to have been included in it; which errors and omissions were against the defendant.

On the principle that he who asks equity must do equity, the plaintiff cannot be allowed to open the account and surcharge it, by reason of errors committed against his interest, without at the same time being held to corrections of the account where errors have intervened in stating it, which are in his favor and against the interest of the other party thereto. *Floyd v. Priester*, 8 Rich. Eq., 248.

But it is argued that the evidence was not admissible under the answer, because the answer denied the accounting; and it is said that a pleading which denies the stating of an account, and then alleges errors in the account stated, the existence of which is denied, is an inconsistent pleading, and ought not to be tolerated or permitted; and that the defendant cannot be heard to allege errors in the account, until he admits that an account has been stated.

If there is any rule of pleading in force in this state, which prohibits a defendant from setting up inconsistent defenses in his answer, then we are of the opinion that the answer of the defendant, as he proposed to amend it, does not contain inconsistent defenses. The substance of it is, first, that the parties did not state an account; but, should it be held that the transactions between them amounted to the stating of an account, then, secondly, that the account, by reason of mistakes and errors therein, was stated at too large an amount against the defendant.

The defendant may honestly deny, and doubtless has honestly denied, that he was ever a party to the stating of an account with the plaintiff. Notwithstanding the finding of the county court, he probably is not yet convinced that he did so. But that issue having been determined against him, we know of no rule of law which prohibits him from impeaching that account for fraud or mistake, merely because he has denied that it was ever stated. The case of *Willard v. Giles*, 24 Wis., 319, is precisely in point. This court there held that in an action for the wrongful conversion of certain choses in action, which, it is

alleged, were left with the defendant as collateral security, a denial that the defendant ever received them does not preclude the defense that they were lost by the defendant without his fault.

The original answer alleged errors in the partnership accounts as contained in the books, and omissions therefrom, to the prejudice of the defendant. The proofs showed that the account stated was made up of the accounts contained in such books. It would seem, therefore, that the original answer alleged, substantially, that if any account was stated, the same was erroneous in the particulars therein mentioned. If such was the effect of the averments contained in the answer, when taken in connection with the evidence introduced by the plaintiff, it would seem that the original answer was sufficient to permit the defendant to surcharge or falsify the account.

It has been held that under a plea of *non assumpsit* to a count in the declaration on an account stated, the defendant may show that the account is incorrect. *Thomas v. Hawkes*, 8·M. & W., 140.

But if the original answer was not sufficient to give the defendant the right to surcharge or falsify the account, then we think the defendant should have been allowed to make the proposed amendment thereto. Such amendment does not change the nature of the defense, and we cannot perceive how the opposite party could possibly be misled by it.

It is objected that the proposed amendment was not verified. It was not objected to or rejected for that reason, so far as appears by the case; and it is fair to presume that had it been allowed, the answer would have been amended, and the amended answer verified at once. This is understood to be the usual practice at the circuit where a verified pleading is amended upon the trial, when the amendment does not result in a continuance of the cause.

A question of costs has been made, or attempted to be made, on this appeal. It is, whether the party recovering costs in an

equitable action is limited to twenty-five dollars in respect to those costs which are given by sec. 41, chap. 133 of the revised statutes, and which are usually denominated "attorney's fees." This section of the statutes contained no limitation of the amount of costs which might have been taxed by virtue of it in any action. By the laws of 1859, chap. 200, the following proviso was added to the section: "*Provided*, The fees shall not in any one case exceed twenty-five dollars, and in actions on contract, where the amount recovered is less than two hundred dollars, shall not exceed fifteen dollars." By this enactment the recovery of costs by the prevailing party under sec. 41, chap. 133, R. S., was limited to twenty-five dollars in all cases, whether the action was at law or in equity; and in a class of actions the recovery was limited to fifteen dollars. The legislature, in 1864, again amended sec. 41 aforesaid, by adding thereto the following proviso: "*Provided*, That in actions at law on contract, the fees shall not in any case exceed twenty-five dollars, and when the sum recovered is less than two hundred dollars, the same shall not exceed fifteen dollars." Laws of 1864, chap. 402. Sec. 2 of this act repeals the law of 1859, although by its title it purports only to amend sec. 41.

The only limitations prescribed by the law of 1864, relate to "actions at law upon contract." Equitable actions are subject to no limitation, and the parties recovering costs therein may lawfully recover full costs, without reference to the amount of the judgment.

In the view which we have taken of this case, it was not absolutely necessary to decide this question of costs, and we have not inquired whether the question could be properly raised on this appeal, or, if so, whether the defendant has saved his right to have the taxation reviewed. But we have decided the question because it is one of general interest to the profession, and because we know that it is desirable that it should be definitely settled by an adjudication of this court.

Because the defendant was not allowed upon the trial to in-

troduce testimony tending to show that there were errors and mistakes against him in the account stated, the judgment of the county court must be reversed, and the case remanded for further proceedings in accordance with this opinion.

*By the Court.* — So ordered.

A motion for a rehearing was denied.