Zeidler vs. Johnson and others.

---

ZEIDLER vs. JOHNSON and others.

38   335<br>59 LRA 890n

MILL DAMS: PLEADINGS. (1) *Pleadings liberally construed in actions under mill-dam law.* (2) *Hypothetical form of plea of statute of limitations held good.* (3) *Effect of denial by answer that plaintiff's land is injured by defendant's dam.* (4) *Dam over navigable stream; when defendant not required to show authority for its maintenance.*

RECORD ON APPEAL. (5) *Question whether a change of venue should have been granted, when not presented by the record.*

Zeidler vs. Johnson and others.

1. In actions for the flowage of land, etc., under ch. 56, R. S., the pleadings are to be construed by the liberal rules of the code.

2. The answer in such an action alleged, that if plaintiff's lands were flowed, etc., the statute of limitation had run upon the action. *Held*, that the statute was sufficiently pleaded, notwithstanding the *hypothetical* form of the averment.

3. The answer also denies (in violation of sec. 8 of said ch. 56) that plaintiff's land has been injured by defendant's dam; but the cause was tried without objection made on that ground. *Held*,

    (1) That a motion in the trial court to strike out such denial should probably have been granted, if made.

    (2) That defendants would still have been entitled to have the question litigated, whether plaintiff's land was injured by their dam.

    (3) That if plaintiff would have been entitled, on demand, to have that issue tried by a second jury, there was still no error, in the absence of any such demand, in submitting it to the jury impaneled to try the other issues. *Kearns v. Thomas*, 37 Wis., 118.

4. This action being brought under the mill-dam law, and the complaint showing that defendant's dam across Rock river was erected and is maintained under a certain act of the legislature of 1842, there was no error in refusing to instruct the jury that, the dam being across a public navigable stream, defendants, to justify the maintenance thereof, must show that they were authorized by an act of the legislature.

5. The record here contains nothing to show a motion by appellants for a change of the place of trial, except as it shows that a new trial was asked on the ground (among others) of the denial of such a motion. *Held*, that this court cannot determine, in this state of the record, whether the motion, if made, should have been granted.

APPEAL from the Circuit Court for *Jefferson* County.

Action under ch. 56, R. S., entitled "Of mills and mill-dams." The complaint alleges that the plaintiff is the owner in fee of certain lands therein described, situated in the county of Jefferson, and that said lands are flowed and injured by means of a certain mill dam across Rock river below said lands, maintained by the defendants without any authority therefor, except what is conferred by an act of the legislature of the territory of Wisconsin, entitled "An act to authorize the construction of a dam across Rock river," approved February 4, 1842. The

complaint is in the usual form of complaints in like actions, and demands the usual relief.

The answer of the defendants contains, 1. A general denial, " except that the mill dam in question was erected under the act of the legislature referred to in the complaint, and is across Rock river at the place therein referred to." 2. An allegation that the lands described in the complaint are situated twelve miles above the dam, and the defendants have no knowledge or information sufficient to form a belief as to whether such lands are flowed or injured by reason of the maintenance of the dam ; but, if so, that they had been thus flowed and injured to the same extent for more than ten years before this action was commenced. 3. An averment that if said lands are so injured, they had been injured to the same extent for more than twenty years before the commencement of the action.

It appeared, on the trial, that one parcel of the land alleged to be flowed by means of the defendants' dam was owned by the state until the year before the action was brought, when it was conveyed by the state to the plaintiff. The jury were instructed that the defense of the statute of limitations was not available to defeat the recovery for the flowing of the land so purchased of the state, but was available as respects the other lands described in the complaint. Other facts relating to the trial are sufficiently stated in the opinion.

Verdict for the defendants; new trial denied ; and plaintiff appealed from the judgment rendered against him for costs.

*Gillet & Hammond*, for appellant, contended that the mill-dam law (R. S., ch. 56, sec. 4; Tay. Stats., 812, § 4) providing for compensation upon " complaint," having been enacted in 1840, had no reference to the complaint now used under the code. Section 8 provides that the respondent in his answer may deny that the complainant has any interest in the lands alleged to be flowed, or may allege a right to flow for an agreed price, or without compensation, or any other matter showing that complainant cannot maintain the action, but

shall not deny that the land is injured by the dam. Section 9 provides that if any answer is filed by the respondent, the reply and all other proceedings shall be conducted in like manner as in civil actions. The word *actions*, as here used, is to be construed without reference to its use in the code. And the pleadings in this action are not to be construed by the rules established by the code, but by the strict rules of the common law. 2. The second plea or answer of defendants denies that the lands are injured, which is inadmissible under the statute; and, as a plea of the statute of limitations, it is bad, because hypothetical. The third plea or answer is bad for the same reason. 3. The court erred in refusing to charge the jury, as requested by plaintiff, that defendants must show that they were authorized by an act of the legislature to maintain their dam, it being across a navigable stream. There is no such act, and defendants have shown no title or right derived from parties who were authorized to build the dam in question.

*L. B. Caswell* and *I. W. & G. W. Bird*, for respondent, argued that the court did not err in refusing the instruction asked by plaintiff. The complaint alleges that the dam is maintained by defendants under an act of the territorial legislature of February 4, 1842, which allegation the answer admits. Hence the legislative authority for maintaining the dam was conceded by the pleadings. 2. The plaintiff is not now in a position to insist on the objection that the allegations of the answer are inconsistent and hypothetical in form. He should have moved, before entering upon the trial, that defendants be required to elect upon which allegations they would proceed to trial. 2 Till. & Shearm. Pr., 25, 177, 178; *Muzzy v. Ledlie*, 23 Wis., 445. And the objection would not be valid if taken in season. The answer may contain both a denial and a statement of new matter, in avoidance. *Ketcham v. Zerega*, 1 E. D. Smith, 560; *Hollenbeck v. Clow*, 9 How. Pr., 289; *Thompson v. Greenwood*, 28 Ind., 327. The old rule that matter in avoidance could not be pleaded without confessing that but for such matter the ac-

tion might be sustained, and which forbade the union of a general denial with a plea in avoidance, is abrogated by the code. 2 Till. & Shearm. Pr., 143, 144; *Hackley v. Ogmun*, 10 How. Pr., 44. And see *Ormsby v. Douglass*, 5 Duer, 665. And the rule seems now to be well established, that where the facts are not presumptively within defendant's knowledge, or he has not the means of informing himself at hand, he may plead such facts hypothetically. *Willard v. Giles*, 24 Wis., 319; *Grace v. Newbre*, 31 id., 19.

LYON, J. I. The principal errors assigned relate to the sufficiency of the answer. The defendants deny therein that the lands of the plaintiff are flowed by means of their mill dam, and then proceed to aver that if the lands are thus flowed, the statutes of limitation have run against the plaintiff's right to maintain an action therefor. It is claimed, on behalf of the plaintiff, that this hypothetical mode of pleading is bad, and hence, that the statutes of limitation are not well pleaded.

In the original act in relation to mills and mill dams, enacted in 1840, repealed by the revision of 1849, and reenacted in 1857, sec. 9 was as follows: "If any *plea* is filed by the respondent, the replication and other pleadings, and the trial of the issue, whether of law or of fact, shall be conducted in like manner as in actions at the *common law*." Laws of 1857, ch. 62. But in the revised statutes of 1858, ch. 56, that section was amended to read thus: "If any *answer* is filed by the respondent, the reply and all other proceedings shall be conducted in like manner as in *civil actions*." We think the object of the amendment was to place the pleadings and all proceedings under the act on the same footing as civil actions where no different provision is made in the act itself. Hence we are of the opinion that the pleadings in this and similar actions are to be construed by the liberal rules of the code, and not by the strict rules of the common law. Indeed, were sec. 9 entirely omitted from the act, I should have but little diffi culty in reaching the same conclusion.

That the hypothetical mode of pleading here adopted may be resorted to in civil actions, since the adoption of the code (if not before), has been settled in this state by the cases of *Willard v. Giles*, 24 Wis., 319, and *Grace v. Newbre*, 31 id., 19. Cases may arise where a party will be held to have absolute knowledge whether a given statement or proposition of fact is true or false, and he may be required to admit or deny the same; but this is not a case of that description. Hence, without stopping to inquire what was the rule at common law, it must be held in this case that the statutes of limitation were well pleaded, and that the testimony tending to prove those defenses was properly admitted.

II. Another objection taken to the answer is, that it is denied therein that the plaintiff's land is injured by means of the mill dam of the defendants, while the statute (R. S., ch. 56, sec. 8) prohibits such denial. This objection does not seem to have been made at the trial. Had a motion been made in the circuit court to strike out such denial, probably it should have been granted. But that would not prevent the defendants from litigating the question as to whether their dam caused an injury to the plaintiff's land. It may be that the plaintiff would have been entitled, had he demanded it, to have this question submitted to a second jury, pursuant to sec. 11 of the act, after the other issues had been tried and determined in his favor. But he made no such demand, and the question was properly submitted to and determined by the jury impaneled to try the other issues. It was substantially so held in *Kearns v. Thomas*, 37 Wis., 118, where some discussion will be found bearing upon a portion of the questions here involved.

III. Most, if not all, of the material objections taken on behalf of the plaintiff to the admission of testimony, were taken on the theory that the defenses of the statutes of limitation were insufficiently pleaded. Holding that those defenses were well pleaded, we must also hold that the testimony tending to prove them was properly received. And for the same reason

Zeidler vs. Johnson and others.

it must also be held that the learned circuit judge properly refused to instruct the jury that "the plea of the statute of limitations by the defendants is not good or available to the defendants in this action." It is certainly a good plea as to the alleged flowing of all the plaintiff's land described in the complaint, except the parcel purchased by him of the state.

IV. The judge refused to give the following instruction, prayed on behalf of the plaintiff: "The mill dam being across a public navigable stream, in order to justify the defendants in maintaining the dam, they must show that they are authorized by an act of the legislature so to do; the defendants have not done so, and you must find for the plaintiff." Such refusal is assigned as error. In view of the facts that the action was brought under the mill-dam law, and is not a common-law action for an unauthorized flowing; and in view of the further facts that it is stated in the complaint that the defendants are the owners of the mill dam in question, and that the same was erected and is maintained under the act of 1842, which makes its owners subject to the act of 1840 in relation to mills and mill dams, — we can hardly think that the learned counsel for the plaintiff rely upon this assignment of error as one fatal to the judgment. It seems to us that the proposed instruction was properly refused.

V. We learn from the briefs that a motion was made by the plaintiff for a change of the place of trial, for the alleged reason that an impartial trial could not be had in the county in which the action was pending; that affidavits were read on the hearing thereof; and that the motion was denied. This ruling, it is claimed, was erroneous. We find nothing on the subject in the printed abstract of the case, or in the record returned to this court, except that the alleged denial of the motion is stated as a reason why a new trial should be granted. In this state of the record we cannot determine whether the motion, if made, should have been granted or denied.

This disposes of all the alleged errors which are deemed

material, adversely to the plaintiff, and brings us to the conclusion that the judgment of the circuit court should be affirmed.

*By the Court.* — Judgment affirmed.

RYAN, C. J., took no part in the decision of this cause.