Thorn vs. Smith.

THORN, Respondent, vs. SMITH, Appellant.

*January 31 — February 28, 1888.*

*(1, 2) Pleading: Amendment of answer at trial: Hypothetical form: Payment: Evidence. (3) Interest on note set up as counterclaim. (4) Value of services: Evidence: Account rendered: Reversal of judgment.*

1. In an action by an attorney to recover for professional services, the defendant denied that a part of the services were performed for him, and omitted to set up a payment which had been made for them. After introducing evidence of such payment he moved to amend his answer so as to allege that if it should be found that the services in question were performed for him then the said payment therefor had been made to and received by the plaintiff. The motion was denied. *Held*, that the defendant should have been allowed to so amend his answer as to obtain credit for the payment, and that the hypothetical form of the proposed amendment was not objectionable.

2. Upon the evidence in this case (stated in the opinion) it is *held* that a certain payment to the plaintiff, claimed to have been made by check payable to him or bearer, was in fact made.

3. Where a promissory note made by the plaintiff is set up as a counterclaim, interest thereon should be allowed by the referee to the date of his report at the rate specified in the note.

4. In an action to recover the value of services the defendant offered in evidence an account previously rendered by the plaintiff, in which, it was claimed, a smaller sum was fixed as the value of the

services than that claimed in the complaint. The court excluded it. The record does not contain such account. *Held,* that as it does not appear that the defendant was prejudiced thereby, the exclusion of the account is not a sufficient ground for a reversal of the judgment.

APPEAL from the Circuit Court for *Milwaukee* County.

The following statement of the case was prepared by Mr. Justice TAYLOR as a part of the opinion:

Action to recover for legal services and for money expended for and on behalf of the defendant. As to the larger part of the alleged services, the defendant denied that he had employed the plaintiff, or that such services were performed for him. He also set up some payments made to the plaintiff, and also three counterclaims upon three promissory notes given by the plaintiff to third persons, and transferred to the defendant before the commencement of the action. These notes drew interest at ten per cent. per annum.

The case was referred to a referee for trial. The action was commenced on the 11th of July, 1878, and the report of the referee was not made until April 5, 1887. The referee, by his report, found that the defendant at the commencement of the action was indebted to the plaintiff in the sum of $2,495.97, less the payments made by the defendant, amounting to the sum of $485.81, and the amount due on the three notes set up by way of counterclaim, $235.35, making, in all, $721.85; leaving a balance due the plaintiff at the commencement of the action, $1,744.12. To that sum he added interest at the rate of seven per cent. from the date of the commencement of the action to the date of the report, $1,084.76; making, in all, $2,858.88, for which judgment was rendered in favor of the plaintiff, against the defendant, with the costs of the action.

The defendant took exceptions to several of the findings of fact and conclusions of law, and made a motion in the

court below to set aside the report or some parts thereof. The motion of the defendant was denied, and judgment rendered for the plaintiff in accordance with the report of the referee. The defendant appealed from the judgment.

*H. C. Sloan*, for the appellant.

For the respondent there was a brief by *Shepard & Shepard*, and oral argument by *Mr. C. E. Shepard*.

TAYLOR, J. We are urged very strongly by the learned counsel for the appellant to reverse the judgment on the ground that the evidence does not sustain the findings of fact as to the value of the services of the plaintiff, as found by the referee and confirmed by the court. Upon a review of the evidence, it is very clear that the value of the services as found by the referee is not only sustained by the testimony in the case, but by a clear preponderance of such testimony. We cannot, therefore, reverse the judgment, as against the clear preponderance of the evidence in the case.

There were two other exceptions taken to the rulings of the referee in the court below which the appellant alleges as error. In the defendant's answer, setting up the several payments made by him, he gave a bill of items, and, as he claims, in said bill of items by mistake left out a payment which was made to the plaintiff by the "Appleton Iron Company" for the services claimed to have been performed by him, and for which he was seeking payment of the defendant in this action, amounting to the sum of $260. On the trial, he gave evidence tending strongly to prove such payment, and then moved to amend his answer so as to set up this payment. The motion was denied, and the defendant duly excepted.

The motion to amend was in the following language: "I move to amend the answer in this case by inserting, immediately preceding the first counterclaim, the following: 'In case it should be found or held that the services performed

by the plaintiff in the bankruptcy proceedings and the re-organization of the company, as testified to, were performed for the defendant *A. L. Smith*, then and in that case there has been paid to and received by the plaintiff in payment therefor the sum of $260, paid on the 28th day of November, 1876.'" The motion was opposed in the following language: "Proposed amendment objected to as being hypothetical. It is also objected to because it is not according to the evidence." The motion was denied by the referee without stating any reason therefor, and exception was duly taken.

The pertinency of the form in which the amendment was proposed to be made, arises out of the fact that a very large claim was made by the plaintiff from the defendant for services in conducting a proceeding in bankruptcy for the Appleton Iron Company, and for the organization of the Appleton Furnace Company. For this service the plaintiff was allowed the sum of $1,200 by the referee. The defendant had denied that he was under any obligation to pay the plaintiff for such service. The $260 which he desired to have allowed as a payment in part of these services was claimed by the defendant to have been paid by a check drawn by *A. L. Smith*, president of the Appleton Furnace Company, on the First National Bank of Appleton, payable to the plaintiff or bearer. The check, offered in evidence, was in the following words and figures:

"$260. APPLETON, WIS., November 28, 1876.

"The First National Bank of Appleton pay to *Gerry Thorn* or bearer two hundred and sixty dollars in currency.

[Signed]    " A. L. SMITH, Pt. Appleton Furnace Co."

The check was stamped: " First National Bank, Appleton, Wis. Paid November 29, 1876."

In regard to this check the defendant, in answer to a question of the plaintiff on cross-examination, testified as follows: " *Question*. This check of $260, did you ever de-

liver that to me? *Answer.* I delivered that check to you; yes, sir." On the direct examination the defendant testified: "I drew my check for *Mr. Thorn* on behalf of the furnace company for $250. I had the check of the furnace company for it. I saw the check exhibited here this morning. This is the same one; it is in my handwriting. . . . It was a furnace company check; and as soon as I could get the check, or when I found it, I added the word 'President,' so that it would not be charged to my account, but be charged to the furnace company account. . . . Was in the habit of drawing checks for that company. I state positively that addition was made in November, 1876. The payment of the $250 was made on account of the furnace company or iron company to *Col. Thorn* as attorney. Don't know as it was on any identical case. He claimed the amount was due him, and wanted some money; and I presume Mr. Smith [meaning H. D. Smith] was not there for some reason, and I was most accessible to him, and he asked me for it." Although the defendant speaks of the check as one for $250, he evidently refers to the check then in court, and which was offered in evidence and is a check for $260.

H. D. Smith, the secretary and treasurer of the furnace company, testified, on direct examination, "that the company paid *Mr. Thorn* $260 on the 28th of November, 1876, by check." On cross-examination, he testified as follows: "*Question.* Now, you say you paid me a check of $260? *Answer.* I did not say so. I said that you were paid by the company. I have got that check." Witness produced the check, and said: "That check was returned to me through the bank, and I entered it up. The check is an Appleton Iron Company check. It is on the 'Appleton Iron Company' books. I charged it up myself on the 6th of November, 1876. I was secretary and treasurer. I generally signed the checks of the Appleton Furnace Com-

pany. *A. L. Smith*, the president, signed some in my absence. This check is in *A. L. Smith's* handwriting. I have the bank-books showing that it was charged up to our accounts. I got the check from the First National Bank. It was returned with my bank-book."

This is substantially the evidence of the defendant in regard to the payment of the $260. Opposed to this is the testimony of *Mr. Thorn* denying any knowledge of the check, and denying that he ever received the check or the money thereon. *Mr. Thorn* was testifying eight years or more after the alleged transaction, and from mere memory. He does not show that he kept any account of the payments made to him by the defendant or by the Appleton Furnace Company on account of the services he performed in behalf of said defendant or said company. Upon this evidence we think it must be held that the $260 was in fact paid to the plaintiff for his legal services in the matters for which he claims pay from the defendant in this action; and the only reasonable doubt about the matter is whether the payment was made by *A. L. Smith* or by the furnace company. So far, however, as the right to have it allowed as a payment in part for the services performed, it is immaterial whether the defendant paid or the furnace company. In either case it was in part payment for the services of the plaintiff in relation to matters he seeks to recover for in this action. No objection was made to the evidence when offered on the trial, and, under a well-established rule of practice of the courts, it might perhaps have been allowed as a payment by the referee and court without any formal amendment of the answer setting up the payment. To this view of the case it might be objected that the evidence, when offered and received, was admissible and relevant upon this issue in the case made by the defendant's denial that he had employed the plaintiff or agreed to pay him for his services in the bankruptcy proceedings of the Ap-

pleton Iron Company and in the organization of the "Furnace Company;" and so the failure to object to the evidence was no waiver on the part of the plaintiff that the evidence was not admissible under the answer. Undoubtedly, the evidence was admissible for the defendant upon the issue named; but, the evidence being in the case, it seems to us that it was the right of the party to have his answer so amended as to have the payment allowed as against the claim of the plaintiff for compensation for the same services for which the money was paid. It was long ago established by this court that a more liberal rule should be allowed the defendant in the amendment of his answer than was allowed the plaintiff in the amendment of his complaint; especially when the defendant would necessarily lose all benefit of the defense unless allowed in the pending case. See note upon this subject by Chief Justice DIXON, 5 Wis. 628, 629. Unless the defendant can be allowed this $260 as a part payment of this claim in the present action, it is clear that both he and the furnace company must lose all benefit of the payment made.

It is contended by both the defendant and the furnace company that this money was paid to the plaintiff in part discharge for his services in the bankruptcy proceedings and the organization of the furnace company, for which compensation was claimed by and allowed to the plaintiff in this action to the amount of $1,200. And, unless allowed as payment in this action, there would seem to be no way in which either the company or the defendant could hereafter recover the amount of the plaintiff. There was no valid objection to the form of the amendment. The defendant had the right to contest his liability to pay for the services rendered for the Appleton Iron and Furnace Companies, and, if he failed in that defense, it was certainly just that he should be allowed to show that the plaintiff had been paid for his services in respect to these matters, either

in whole or in part. See *Willard v. Giles*, 24 Wis. 319; *Grace v. Newbre*, 31 Wis. 19; *Zeidler v. Johnson*, 38 Wis. 340. We think the referee and court erred in refusing the amendment, and also in not allowing the claim of payment for the sum of $260.

It is also alleged that the court erred in refusing to allow interest on the three notes set up as counterclaims at the rate of ten per cent. per annum up to the time of the report of the referee. The referee allowed the interest at ten per cent. only to the time of the commencement of the plaintiff's action, and then deducted the amount of the said notes, with interest to that time, from the account found due the plaintiff at the commencement of the action, and allowed the plaintiff interest at seven per cent. upon the balance from the date of the commencement of the action to the date of the report of the referee. We think this was error. The counterclaims upon these notes are nothing more or less than actions by the defendant against the plaintiff. Had not these actions been set up in the action of the plaintiff against him, and a separate action had been brought on them by the defendant against the plaintiff, there could be no doubt that interest must have been computed on the notes at the rate of ten per cent. from their date to the date of the trial of the action; and there is no reason for holding a different rule when they are set up by a defendant by way of counterclaim, which is an action by the defendant against the plaintiff. In this case the rule of the circuit court was favorable to the plaintiff, but, if it be the true rule, then if the plaintiff brought his action upon a note of the defendant bearing interest at ten per cent., and the defendant counterclaimed a note of the plaintiff drawing interest at five per cent., the interest on the plaintiff's note would only draw ten per cent. to the commencement of the action, and the amount of the defendant's five per cent. note would have to be deducted at the date of the

commencement of the action.    It is said that in this case it is inequitable that the plaintiff should pay ten per cent. on these notes, when the defendant was indebted to him far beyond the amount of the notes.    Had not the defendant purchased these notes from the parties to whom the plaintiff had given them, he would have been compelled to pay the ten per cent. to the holders of them.    If it was a hardship to pay ten per cent. on these notes for several years, it could have been avoided by paying them at maturity. There is nothing in the case of *Yates v. Shepardson*, 39 Wis. 173, which justifies the rule of the circuit court in this case. In that case the interest on an obligation of the defendant drawing twelve per cent. was computed at only seven per cent. up to the commencement of the trial, but no objection was taken to such compensation by the defendant, and no question was raised in the case as to the right of the defendant to have interest computed at any given rate per cent. up to the date of the trial.    The question raised in the case at bar was not considered in that case.

It was also urged by the learned counsel for the appellant that the court erred in refusing to permit the defendant to give in evidence an account rendered by the plaintiff to the defendant, before the action was commenced, in which the defendant claimed the plaintiff had fixed a much smaller sum as the value of his services than was claimed by his complaint in the action.    It is a sufficient answer to this objection that the record does not contain such account, and we cannot say that, if it had been received in evidence, it would have benefited the defendant.    In any event, it could have had but little weight as evidence on the trial. *Nauman v. Zoerhlaut*, 21 Wis. 466, 469.    The record does not disclose that the defendant was prejudiced by the refusal of the court to receive the account in evidence, and it is not therefore a sufficient ground for a reversal of the judgment.

Thorn vs. Smith.

For the errors in not allowing the $260 as part payment of the plaintiff's claim, and not computing interest on the three notes set up as counterclaims at ten per cent. interest to the date of the report, the judgment must be reversed. In fixing the amount of the judgment to which the plaintiff is entitled, the $260 should be added to the $485.81, the amount of the other payments made by the defendant; making, in all, the sum of $745.81. This sum should be deducted from the sum found due the plaintiff at the time of the commencement of the action, viz., $2,495.97; leaving a balance of $1,750.16. Interest should be computed on this sum of $1,750.16 from the date of the commencement of the action, July 11, 1878, to the date of the report, April 5, 1887, at seven per cent. per annum, and added to said $1,750.16, and this would be the amount due the plaintiff at the date of the report. Interest should be computed on the three notes mentioned in the counterclaims at ten per cent. from the respective dates to the date of the report, viz., April 5, 1887, and the amount of the notes, with the interest added to such date, should be deducted from the amount found due the plaintiff on that day; and the plaintiff should have judgment for the balance of his claim against the defendant, with interest to the date of the judgment.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with directions to that court to enter judgment for the plaintiff in accordance with this opinion.

ORTON, J., took no part.