## BISSINGER & CO. v. WEISS.
### (No. 986; Decided February 14, 1921; 195 Pac. 527.)

ACCOUNT—EVIDENCE—MARKET VALUE—APPEAL AND ERROR—CON-
FLICTING EVIDENCE OF WITNESS UNDISTURBED ON APPEAL—PLEAD-
ING—AMENDMENTS OF ANSWER—DISCRETION AS TO AMENDMENTS—
REVIEWING COURT WILL NOT WEIGH EVIDENCE—POINT AS TO ORDER
OF PROOF NOT RAISED BELOW—NOT PRESENTED ON APPEAL—JUDGE
—JUDGMENT IN ANOTHER STATE.

1. In an action by plaintiff on an open account for moneys ad-
vanced to defendants against their deliveries of merchan-
dise, evidence held to justify findings of the trial court;
1. that defendants were entitled to credit for the goods
in question and their fair market value; and 2. that the
market value had never been fixed by agreement.

2. Where the testimony of a witness is contradictory and it
becomes necessary for the trial court to determine its
meaning, a finding in that regard should have the same
standing when being reviewed on error, as any finding
of fact on conflictng evidence and should not be disturbed
unless it be without substantial support.

3. Amendments to the answer to conform to a plaintiff's proof
under Comp. Stats. 1920, Section 5707 should be liberally
allowed when justice will be promoted thereby, and the
discretion of the trial court in allowing such amend-
ments will not be interfered with unless some prejudice
appears.

4. Courts are more liberal in allowing amendments to answers
than to petitions.

5. In an action on an open account by plaintiff, which has
advanced moneys to defendants against their deliveries
of merchandise, including hides, pelts, etc., where the
original answer averred defendants were entitled to larg-
er credits by virtue of express contracts fixing the prices
of certain articles, after plaintiff had proved defendants
were entitled to credits equal to the market value of such
articles, defendants were properly allowed to amend their
answer, under Comp. St. 1920, § 5707, to meet such proof;
the amendment not working a substantial change in the
defense, and not surprising plaintiff.

6. Where there was substantial evidence sufficient to support
the trial court's judgment, the Supreme Court cannot
weigh the evidence on review.

7. Where plaintiff voluntarily opened the case without any objection or question as to the want of proof, and no complaint on such point was made in the motion for new trial, nothing relative thereto is presented for the consideration of the Supreme Court on plaintiffs' appeal.

8. Where a cause was tried in the third judicial district where it was commenced, the Judge of the Second Judicial District presiding at the trial, and who, at the close of the evidence, took the case under advisement and later in deciding the case, reduced to writing, and signed at Laramie, in the Second Judicial District, a paper entitled ''Judgment,'' which was filed on the following day with the Clerk of the District Court of Sweetwater County who entered it upon the journal of the court, held, to be a valid judgment in the case, and that the manner of its rendition and entry were authorized by Comp. Stats. 1920, Section 5731.

ERROR to the District Court of Sweetwater County; HONORABLE VOLNEY J. TIDBALL, Judge.

This was an action on account by Bissinger & Co., a corporation against Max Weiss and others. There was a judgment for plaintiff for a less amount than demanded, and plaintiff brings error. The material facts are stated in the opinion.

*T. S. Taliaferro, Jr., and W. A. Muir,* for Plaintiff in Error.

The trial court erred in allowing defendants to amend their answer, thus changing their defense of express contract for goods at a stipulated price, to one upon implied contract for goods at a reasonable market value; there being no evidence or proof to support the amendment. The best evidence should be adduced to prove every disputed fact. (Jones, Vol. 1, Section 200.) Plaintiff's book account was made up daily at the time of the transaction and was the best evidence, (Roben v. Brown, 15 So. 598.) There was an abuse of discretion in requiring defendants to amend their answer; testimony of a witness taken from a Chicago price bulletin was incompetent, not being based upon the quality of the goods involved in this action. The burden

of proof in view of the amendment, was upon defendants. (Meikel v. State Sav. Inst. 36 Ind. 355 Ency. Evidence, Vo. 2; 808.) There was a total disregard of the comparative quality and value of the goods delivered by defendants and their relation to the values which they sought to establish.

*Frank Yates,* for Defendants in Error.

The trial court did not abuse its discretion in permitting defendants to amend their answer to conform to plaintiff's proof, the amendment being permitted in furtherance of justice, 4437 Comp Stats. 1910. The contention of plaintiffs that the entries made upon the books are the best evidence of the market price of the merchandise delivered to plaintiff by defendants is untenable. If such were the rule, plaintiff could fix a price by a mere entry in its books, irrespective of market conditions. The evidence showed that there was an agreement between the parties as to how the prices of the goods should be arrived at; the evidence showed a variation in the quality and grade of wool, pelts, hides, tallow, etc., and also in market prices thereof. Exception is also taken to the rendition of judgment outside the county of Sweetwater, Section 912, C. S. 1910 authorizes judges to hold court out of their district, and Section 4463 C. S. defines the jurisdiction of district judges and chambers during vacation. The point is clearly settled in the case of Estadello v. Security Trust Co., (Cal.) 109 Pac. 884. The signing of the journal entry outside the county did not invalidate the judgment.

KIMBALL, Justice.

Plaintiff, Bissinger & Co., a corporation, was engaged in the hide, pelt and wool business in Salt Lake City, Utah, and defendants, Max Weiss and Morris Weiss, co-partners, were engaged in a smaller way in a similar business at Rock Springs, Wyoming. Between November 1, 1917 and August 1, 1918, the plaintiff advanced to defendants various sums of money and the defendants delivered to plaintiff many shipments of merchandise, consisting of hides, pelts, etc.

Charges against defendants for the moneys advanced to them, and credits for the merchandise delivered by them to the plaintiff, made up the account upon which the plaintiff sued, claiming a balance due of $4,796.77. There was no dispute between the parties, either as to the amount of money advanced by plaintiff to the defendants, or as to the weight and number of articles of merchandise delivered to the plaintiff by the defendants, so that the sole point in issue was the value or prices of said articles of merchandise for which the defendants were entitled to credit. Trial was to the court without a jury, and upon general findings in favor of the plaintiff, judgment was in its favor for $2,704.31 and interest, which was about $650 more than the defendants admitted to be due. The plaintiff brings error.

The answer, as it stood when the trial began, alleged that the deliveries of merchandise by defendants to plaintiff "were made under express contracts and agreements between plaintiff and defendants, as to the prices of the goods so sold and shipped by defendants to plaintiff;" that certain "specific items in said account are erroneous and not correct, and are not priced according to the agreement made between plaintiff and defendants in regard thereto." The items thus referred to as erroneous are then set forth with a statement of the amounts which the defendants claim they should have been credited therefor upon the account.

At the trial, the first witness for the plaintiff was John McCarty, its manager. After his direct examination had been concluded, and during his cross examination, the defendants' attorney asked leave of the court to amend the answer to conform to plaintiffs' proof by alleging that the defendants were entitled to receive credit for the market value of the goods shipped to plaintiff by defendants. Over objection, leave to amend was granted, and later, after trial but before judgment, the amended answer was filed, changing the allegations hereinbefore quoted of the original answer. In lieu of those allegations, the amended answer stated that the deliveries of merchandise "were made under an

express understanding and agreement that plaintiff should pay defendants for all such goods * * * the fair market value * * * at the time of such sale and delivery;" and that in the account "the defendants are not credited with the fair market value of many of the items." Then, as in the original answer, the items claimed to be erroneous are set forth with a statement of the amount claimed by defendants to be the market value of the goods described in each item.

It is contended by plaintiff in error that the amendment should not have been permitted for the reason that the allegations thereof in regard to the agreement for payment of the market value for the goods delivered to plaintiff were not supported by the evidence. As the plaintiff's witness, McCarty, was the only witness who testified upon this subject, it is necessary to determine whether or not the trial court erred in finding that his testimony supported those allegations of the amended answer. This witness repeatedly stated that the prices entered upon the plaintiff's books for the articles received from the defendants were the market prices, and that such market prices were in every instance fixed when the goods were received by plaintiff by agreement between him, acting for the plaintiff, and one or the other of the defendants. This testimony standing alone would have shown an express contract as to each credit on the account, and perhaps have rendered immaterial any inquiry as to the true market value of the goods. But other testimony of the same witness tended to contradict him in that regard and to prove that the prices entered upon the books were fixed by him, acting for the plaintiff, without the approval of either of the defendants. He insisted that, at the beginning of the dealings, there was no arrangement at all in regard to prices to be allowed for the goods in question, but later said that the defendants were "supposed to get the market price," and that "it was the policy of Bissinber & Co. always to pay the market prices." On cross-examination, after many questions in regard to how and for

whom he had fixed the prices of the goods, he was asked if he did not price them without the consent of either Max or Morris Weiss, and answered, "Yes, just for Bissinger, see?" On re-direct examination, with the obvious purpose of clearing up the testimony of the witness upon this subject, he was asked how the plaintiff and defendants arrived at the market prices as allowed in the account, and in his answer he described the method by which he obtained knowledge of the market prices, without making any reference whatever to any express agreement in regard thereto. In referring to statements of the account which had been sent to the defendants, he stated that they claimed "something different," and that on July 2, 1918, after the account had run some eight months, a written memorandum was signed by both defendants and by the witness, evidently acting for the plaintiff. This memorandum recited that Morris Weiss agreed to accept, from the plaintiff for all merchandise sold to it, prices to be figured on the basis of prices paid to Max Weiss for goods sold by him to the plaintiff, "according to the prevailing market prices at the time of sale and delivery * * * the difference in prices to be paid by either Bissinger & Co. or Morris Weiss, whichever way the balance goes, after the account is figured." The witness distinctly stated that this was an agreement by which they were to arrive at the prices of the goods making up the credit items of the account upon which this suit is based. Enough has been said to show some of the inconsistencies in this testimony. We have examined it with care, and are of the opinion that it furnished substantial evidence to justify the finding of the trial court (1) that the defendants were entitled to credit for the goods in question at their fair market value, and (2) that the market value had never been fixed by agreement. Where the testimony of a witness is contradictory, and it becomes necessary, as in this case, for the trial court to determine its meaning, a finding in that regard should have the same standing when being renewed on error, as any finding of fact on conflicting evidence, and

should not be disturbed unless it be without substantial support.

It is contended that there was error in permitting the amendment of the answer, for the further reason that it worked a change in the defense, and a surprise to the plaintiff. The amendment was allowed under the statute which is now Section 5707, Wyo. Comp. Stat. 1920, and as we have said in the foregoing discussion, to conform to the plaintiff's proof. Such amendments should be liberally allowed, when justice will be promoted thereby. (Lellman v. Mills, 15 Wyo. 149, 87 Pac. 985.) The matter of their allowance rests within the sound discretion of the trial court, and the discretion is not interfered with, unless some prejudice appears. (Clark v. Clark, 20 O. St. 128; Root v. Railroad Co., 45 O. St. 222; School District v. Dudley, 28 Kans. 160; Taylor v. Star Coal Co., 110 Ia. 40, 81 N. W. 249.) Courts are more liberal in allowing amendments to answers than to petitions. (Thorn v. Smith, 71 Wis. 18, 36 N. W. 707; Garrison v. Goodale, 23 Ore. 307, 31 Pac. 709; Bliss on Code Pleading, § 430.) Where a party to a suit asks leave to amend to conform his pleading to facts proved by himself without objection, or to facts proved by his opponent, the right to amend is usually conceded. (Scroggin v. Johnston, 45 Nebr. 714, 64 Pac. 236; Bonebrake v. City of Columbus, 6 Ohio N. P. (N. S.) 41; Supreme Commandery v. Everding, 110 Cir. Dec. 419.) The original answer averred that the defendant was entitled to larger credits by virtue of express contracts fixing the prices of certain articles, and after the plaintiff had proved that the defendants were entitled to credits equal to the market values of said articles, the defendants, we think, were making no substantial change in their defense by accepting that situation, and amending their answer to conform thereto.

While the plaintiff objected to the amendment for the reason that it was a surprise, we do not find anything in the record upon which to ground such an objection. Plaintiff did not ask any postponement or continuance in order

to present further evidence, as it might have done under Section 5710, Wyo. Comp. Stat. 1920, and there is no suggestion that it did not have at the trial all the evidence it desired to introduce upon the issues as defined by the pleadings after the amendment.     (Taylor v. Star Coal Co., *supra.*)   We cannot see how plaintiff was prejudiced by the amendment, and believe that the trial court in allowing it did not abuse its discretion.

Plaintiff in error further contends that the trial court did not give proper consideration to the book account kept by plaintiff, and also that the weight of the evidence on the question of the market value of the goods received by plaintiff was in its favor.   It is not proper for us to go further into a consideration of these contentions than to say that we believe there was substantial evidence sufficient to support the judgment, including the finding that the market value of said goods was greater than the amount credited on plaintiff's books, and that the difference was sufficient to reduce plaintiff's claim to the amount for which it was given judgment.   Such being the case, we cannot weigh the evidence.   (Ketchum v. Davis, 3 Wyo. 164, 13 Pac. 15; Hart v. City of Laramie, 26 Wyo. 160, 181 Pac. 137.)

It is contended that, under the pleadings, the burden of proof was upon the defendants to show that they were entitled to greater credits than had been allowed by plaintiff, and that defendants should have been required on the trial to assume that burden by opening the case.   The plaintiff voluntarily opened the case without any objection or question as to the order of proof; no complaint upon this point was made in the motion for a new trial, and, therefore, nothing is presented for our consideration.

The case was tried in Sweetwater County, in the third judicial district, where it was commenced.   The judge of the second judicial district presided at the trial, and, after hearing the evidence, took the case under advisement. Later, when he decided the case, he reduced to writing and signed, at Laramie, in the second judicial district, a paper, entitled

"Judgment", which was filed, the following day, with the clerk of the district court of Sweetwater County, by whom it was entered of record upon the journal of that court, and is the judgment in the case. The last allegation of error which it will be necessary to consider is the claim that the court or judge had no jurisdiction thus to render the judgment out of Sweetwater County. Whatever may be the rule in the absence of statute upon the subject (Black on Judgments, Sec 179), we think there is authority in our laws for the rendition and entry of a judgment in this manner. By Section 5731, Wyo. Comp. Stat. 1920 it is declared that district courts "shall be open at all times for the transaction of business in the entry of judgments," etc., and that,

"When any cause, action or matter has been heard by the court or judge, the decision may be made out of term, and such decision may be made by order, or by direction that an order, judgment or decree be entered; and upon the filing in the office of the clerk of the district court, of the county wherein the action or proceeding is pending, the decision in writing signed by the judge, whether it be an order, a judgment or decree, as the case may require, shall be entered by such clerk in conformity with such decision."

In Anderson v. Matthews, 8 Wyo. 307; 57 Pac. 156, where the court had under consideration the appointment of a receiver by an order made in a county of the district other than that in which the suit was pending, it was held that the order thus made, under the authority of Section 5731, was an act of the court quite as much as if performed during a session of a regular term. For the purposes mentioned in the statute, the court is open at all times. (Jones v. Bowman, 10 Wyo. 47, 65 Pac. 1002.) In determining the authority of the judge when acting upon matters mentioned in this section, no distinction should be made between the rendition of a judgment and the making of an order. The judgment in this case is clearly one of those authorized by the statute. The paper signed by the judge when he made his decision, was the direction to the clerk to enter the judg-

ment, and when so entered, it became the judgment of the court. It is immaterial that this "direction" was signed in the judicial district of the judge who tried the case, and not in the district where it was pending and tried. See Russell v. Hank, 9 Utah 309, 34 Pac. 245; Estudillo v. Security Loan and Trust Co., 158 Cal. 66, 109 Pac. (Calif.) 884; In re Korman, 162 Pa. St. 151, 29 At. 861.

We find no error, and the judgment is affirmed.

*Affirmed.*

Potter, C. J., concurs. Blydenburgh, J., did not sit, and the writer of the opinion, then District Judge, sat in his place. The late Chief Justice Beard had concurred in the conclusions stated in the opinion, but died before its completion.