Sener, O. .T.
This was a civil action •brought in the district court for the first judicial district, in and for Laramie county, by Clark W. Upton, assignee of the •Great Western Insurance Company, ag'ainst Daniel McLaughlin, as a stockholder in said company, to recover the balance alleged to be due and unpaid on his stock. The case was tried on the pleadings, in the court below, by a jury, and a verdict rendered for the plaintiff for Í8S1,008. Upon the case coming into this court, the judgment below was reversed upon the former hearing, (2 Wyo. 32,) on the ground that the action was barred by the statute of limitations, which claim was lii’St made in this court, and the case was thereafter heard in the United States supreme court, and remanded here for hearing upon other questions, this court being reversed upon the question of statute of limitations. Vide Upton v. McLaughlin, 105 U. S. 640. The petition in error puts in issue in this court several questions respecting the admission of testimony, and the instructions of the court to the jury.
The defendant in error raises for consideration here, in his brief, the fact that the motion for a new trial in the court below was not filed in time, and submits it to the consideration of this court. The case was tried in the court below, and a verdict rendered on the 15th of December, 1876, against the defendant and in favor of the plaintiff. The motion for a new trial was filed on the 16th of February. 1877, or a period of more than 60 days thereafter. Thereasoning, authorities cited, and conclusions reached in Kent v. Upton, ante, 51, 2 Pac. Rep. 234, apply to and should govern, we think, in the determination of this case. The records are slightly different. In this case we find the following journal entry in the record before us:
“November Term, 1876. — Monday, December 18, 1876. Clark W. Upton, Assign-ee in Bankruptcy of the Great Western Insurance Company, v. Daniel McLaughlin. On application of Thomas J. Street, Esq., of counsel for defendant, it is ordered that the time for filing a motion to set aside the verdict and grant a new trial herein be extended until the end of the present term of the court.”
Preceding this, but no part of tbejour-nal entry, is this statement: “And thereafter the court, on the request of the defendant, and for good cause shown, made the following order in said case.” It looks as if this was inserted to cure the plainly invalid order of December 16,1876. Does it do so? Plainly, we think not. The most that can be said of it, we think, is that it is to be treated and considered as if embraced in the body of the order of December 16, 1876. If this be conceded it is still liable to the objection that it was purely ex parte; but it may be claimed that it should have been excepted to. IE this be insisted on, the answer is, that by the Compiled Laws of Wyoming, the party excepting must do so at trie time the decision was made. Vide section 300, c. 13, p. 71. How could this be done if the party were not present in court, either in person or by counsel? and there is no pretense in the order that both parties were present. But there is another journal entry that it may be claimed cures this. It is the journal entry made on the 31st of March, 1877, when the bill of exceptions was allowed. It is in that order recited, both parties being in court by their attorneys, that the defendants present their bill of exceptions, which is agrepd upon by both parties to this suit. The answer to this is that it states only what is set forth as true. Giving to this all the weight it is entitled to, it results that nothing more is to be inferred than that such a journal entry was by the court made orally and ex parte, and for what the court, upon an ex parte hearing, deemed good cause, in spite of the fact that, by sections 308 and 309, a motion for a new trial can only be on written grounds.
Nor is the defendant in error to bp *51 deemed to have waived any of his rights by appearing and arguing the motion for a new trial. The defendant in error, it is true, might have moved to dismiss the motion, because not filed in time; but there is nothing statutory requiring this. He may have relied upon this very fact in the argument of his motion in the court below, and that court may have considered and acted on the fact that the motion on written grounds was not filed in time, and may have, upon reflection,come to the conclusion, as it should have done, that it had no authority to grant any such ex parte order as it attempted to do by its order of December 16,1876, although there is nothing to show this. But it is unnecessary, in any common-law order, for the court to give its reasons, though it sometimes happens that a trial court will say for reasons stated in writing, and filed with the papers, it reaches a given conclusion.
There is nothing in this record to show that the defendant had been or would be unavoidably prevented from filing his written motion within thestatutory time. There is nothing to show that the party asking for this oral and ex parte order was unavoidably prevented. These are strong words, and, as we have said before, they are mandatory words. To dispense with the reqnirejnent of being “ unavoidably prevented,” something more is required than the mere will of the judge, or the wishes of one party to the suit. In this record these two things alone can be relied on. Surely, it could hot have taken 60 days to prepare and present such a motion as the one filed with the transcript in this case. The extension of time granted on the 16th of December, 1876, being, as the record shows, ex parte, does not relax the rigor of the statute; although purporting to be for good cause shown, does not bind the defendant in error, or preclude him from relying on the plain letter of the law in this court, as it ought to have availed him in the court below. In reaching this conclusion we are aware that we áre reversing an opinion rendered by this court at its March term, 1879, but in our opinion the conclusion then reached is so manifestly erroneous that we deem it a bounden duty to do so. That opinion, which must have been hastily reached and rendered, says that whether the oral motion of December 16,1876, was treated as jurisdictional or merely a conditional limitation of the discretion of the district court, or whether the statute is to be treated as directory, the motion to dismiss on either ground should be denied; that motion having been then made.
In the view heretofore given in this case in this opinion, and in that of Upton v. Kent, supra, we have, by reasoning and authority,shown that the statutes of this territory, regulating the granting of new trials, are neither matters of discretion nor directory statutes; and, further, we hold that every motion for a new trial must be on written grounds, and that any party coming in after his right to file his motion for a new trial has expired must do so upon written grounds filed at the time of coming in, and then showing how and in what manner he has been unavoidably prevented. This being true, it follows that the question isa jurisdictional one; but jurisdictional as to this court, and not as to the lower court. A party can only bring his writ of error or appeal here as thestatutes allow. When thestat-utes are followed as they are written, this court acquires jurisdiction. When they are not followed, this court lacks jurisdiction. And no consent of parties or ex parte unauthorized order of a nisi prius judge can give it jurisdiction. Whenever that fact is made to appear in any stage of the case from the record, it is not only the right, but the duty, of this court to release its hold improperly obtained ; because the steps necessary to be taken in the lower court to give us jurisdiction here not having been taken, and imparting to the judgment of the court below the verity it is always entitled to until error is shown in it, or the proceedings by which it was. obtained, it is our duty to affirm it. There being no error before us here to examine, we do not look into the record.
Let the judgment be affirmed.
Parks, J., concurs. Blair, J., dissents.