# SARATOGA LAND AND INVESTMENT COMPANY v. JENSEN.
## (No. 658.)

SALES — FRAUDS, STATUTE OF — APPEAL AND ERROR — CONFLICTING EVIDENCE.

1. A payment made on the purchase price of personal property in the form of a credit given by the buyer on his claim against a third party, and applied by such third party upon a debt due to him from the seller, is sufficient as payment of a part of the purchase price to make the contract for the sale free from invalidity under the statute of frauds.

2. The findings of the trial court upon conflicting evidence will not be disturbed when there is evidence upon which such findings might reasonably be based.

[Decided May 6, 1912.]                    (123 Pac. 415.)

ERROR to the District Court, Carbon County; HON. DAVID H. CRAIG, Judge.

The material facts are stated in the opinion.

*Armstrong & Brimmer* and *George Clammer,* for plaintiffs in error.

The facts of the case called for the protection afforded by the statute of frauds. A sale is claimed by the plaintiff and disputed by the defendants. A sale was not evidenced by a written contract, note or memorandum subscribed by the party sought to be charged, nor was there a delivery of any part of the property or payment of any part of the purchase price. S. H. Clammer was an entire stranger to the transaction, and the receipt signed by him could not and did not remove the contract from the bar of the statute. A memorandum to be sufficient must not only be signed by the party to be charged, but the essential terms of the agreement must be capable of ascertainment from the writing itself, or by reference in it to something else. Any defect in it cannot be supplied by parol proof. (20 Cyc., 258; Eppich v. Clifford, 6 Colo. 493; Ellis v. Denver, &c., R. Co., 7 C. A. 350; Salomon v. McRae, 9 C. A. 23; Williams v. Morris, 95 U. S.

444; 20 Cyc., 261; Mentz v. Newwitter (N. Y.) 11 L. R.
A. 97; McGovern v. Hern, (Mass.) 25 Am. St. 632; Porter
v. Patterson, (Ind.) 85 N. E. 797; Elwell v. Hicks (Ill.) 87
N. E. 316; Frahm v. Metcalf (Neb.), 106 N. W. 227;
Thompson v. Burns, (Idaho), 99 Pac. 111; Mertz v. Hub-
bard, (Kan.) 8 L. R. A. (n. s.) 733.) A mere agreement to
credit the price of goods on an account due from the seller
to the buyer is not a sufficient part payment, unless a receipt
to that effect is given, or the price is actually credited in the
seller's books. (20 Cyc., sec. 252; Story on Sales, sec. 273;
Gailbraith v. Holmes (Ind.) 43 N. E. 575; Brabin v. Hyde,
32 N. Y. 523; Gorman v. Brossard, (Mich.) 79 N. W. 903;
Milos v. Covacevich (Or.) 66 Pac. 914.)

*N. R. Greenfield,* for defendant in error.

The party sought to be charged with the contract of sale
is Ludlum, and not Clammer, who claims to be a total
stranger to the transaction. Ludlum is not a party to the
action and cannot, therefore, interpose the point that he did
not sign a writing charging him with the contract. Mr.
Clammer is not a party to the contract. The first sub-divis-
ion of the statute of frauds cannot, therefore, apply in this
case. It is not claimed here that the receipt that Clammer
gave was a sufficient note or memorandum to comply with
the statute. What we do contend is that the receipt was
evidence of the full payment of purchase price at the time
and place of sale made by the purchaser to the seller or his
agent. There could not be a manual delivery of the plow,
nor was that necessary. The receipt given for the plow
with the consent and approval of the seller was a sufficient
delivery, acceptance and receipt. (20 Cyc. 251.) We be-
lieve that the evidence shows a complete payment of the pur-
chase price. It is not material whether the money was paid
by Jensen directly to Ludlum, and then by Ludlum to Clam-
mer, or whether it was paid by Jensen directly to Clammer,
who claimed a lien on the plow.

However, had no part of the purchase price been paid
at the time of the sale, or if the receipt constitutes no evi-

dence of the payment of such purchase price, still the sale cannot be avoided under the statute of frauds, it appearing that money to be paid was not the only consideration to be received for the plow, but a compromise of a disputed matter which was settled on the basis proposed by Clammer. It is true that the evidence is in conflict as to the transaction, but it is sufficient to support the finding and will, therefore, not be disturbed on appeal. (Harden v. Card, 15 Wyo. 217, 88 Pac. 217.)

BEARD, CHIEF JUSTICE.

This action was brought in the district court of Carbon county by the defendant in error, Gus Jensen, against the plaintiffs in error, The Saratoga Land and Investment Company and S. H. Clammer, to recover the possession of certain plows. The case was tried to the court without a jury, and judgment rendered in favor of the plaintiff below for the possession of the property and one hundred dollars damages. Defendants below bring error.

Both Jensen and the Investment Company claimed title to the property by purchase from one Ludlom; Jensen claiming to have purchased the property on July 1, 1909, and the Investment Company July 5, 1909. The defendants below claimed that Jensen's alleged purchase was void because the property was of the value of fifty dollars and more, was not evidenced by any writing, the property was not delivered, and no part of the purchase money paid; and that, therefore, the contract of sale came within the statute of frauds and was void. The statute is as follows: "Any contract for the sale of any goods, chattels or things in action for the price of fifty dollars or more, shall be void, unless: First—A note or memorandum of such contract be made in writing and be subscribed by the party to be charged thereby; or, Second—Unless the buyer shall accept and receive part of such goods, or the evidences, or some of them, of such things in action; or, Third—Unless the buyer shall at the time pay some part of the purchase money." (Sec. 3752, Comp. Stat. 1910.) The defendant

in error does not claim that the case comes within either the first or second exception, but contends that it does come within the third. It appears that Jensen owned or controlled a traction engine, and Ludlom owned the plows in question, and that they did certain plowing for the Investment Company, of which Clammer was president and agent; that Jensen was to pay the expenses of such plowing, and the profits were to be equally divided between him and Ludlom. That, on July 1, Jensen, Ludlom and Clammer met and agreed that the amount due from the company for the plowing was $2,100. That after deducting the expenses the profit was $515.16. That at that time Ludlom was owing Clammer $586, which, by mutual consent, was deducted from the price of the plowing and the balance paid to Jensen, and at the same time Clammer gave to Jensen a receipt for the $586 so paid for Ludlom. Thus far there seems to be no controversy. The effect of this transaction is the same as though the Investment Company had first paid to Jensen the expenses of the plowing, and had them paid to Jensen and Ludlom each one half ($257.58) of the profits, and that Jensen had then handed to Ludlom $328.42, which, with his half of the profits, making $586, he paid to Clammer. Jensen claimed that at that time, and as a part of the same transaction, Ludlom sold the plows to him for the agreed price of $400, and that Ludlom was to have credit for the balance of the purchase price on an account due from him to the Saratoga Lumber and Supply Company, of which Jensen was a member. Jensen also claimed that Clammer knew of this sale before he purchased the plows from Ludlom. On the other hand, the defendants below claimed that Clammer bought the plows for the investment company from Ludom on July 5, and denied any knowledge of any sale to Jensen. On these questions there was a direct and positive conflict in the evidence. The district court passed upon this conflicting evidence and found for the plaintiff; and under the rule so often repeated, the appellate court will not disturb such findings where there was evidence upon which

such findings might reasonably be based.   In order to find
for the plaintiff below the court must have found that Lud-
lom did sell the plows to Jensen on July 1, and that the
$328.42 constituted a partial payment of the purchase
money; and we think there was sufficient evidence to sus-
tain those findings.   Such being the case, the sale was not
void by reason of the statute of frauds; and as that is the
only question discussed in the briefs of plaintiffs in error,
the judgment of the district court is affirmed.      *Affirmed.*

SCOTT, J., and POTTER, J., concur.