## HUNT v. CITY OF LARAMIE.

### (No. 962; Decided June 2nd, 1919; 181 Pac. 137.)

APPEAL AND ERROR—NECESSARY PARTIES—WATER APPROPRIATIONS—
PROCEEDINGS—"AGGRIEVED PARTY"—PLEADINGS—WAIVER OF VERI-
FICATION—IMPLIED FINDINGS—JUDICIAL DISCRETION—TRIAL—RE-
BUTTAL—BOND ON APPEAL BY CITY—REVIEWABLE FINDINGS—PER-
COLATING WATERS—PUBLIC WATERS.

1. There is no Statute requiring that the State Board of Control be made a party to proceedings on appeal, from its decision to the District Court, notwithstanding that Comp. Stat., 1910, Section 733, provides that the Attorney General shall represent the Board of Control in such cases.

2. The city which appeared before the State Board of Control and contested an application to appropriate waters claimed by the city, was an "aggrieved party" upon the appropriation being granted and could appeal to the District Court under the provisions of Comp. Stat., 1910, Section 733.

3. A motion to make a petition more definite and certain operates as a waiver of a lack of verification and an order of court permitting the movant to withdraw his motion does not operate or relieve him of the consequences of the waiver.

4. On the presentation of a motion to strike a petition on the ground that it lacked verification, there were affidavits offered which raised a question of fact as to whether the petition had not really been sworn to, and though the record fails to disclose how the question of fact was determined, it will be assumed as consonant with the action of the trial court in overruling the motion that there was a finding that the petition had been verified.

5. The admission of evidence in rebuttal over objection that it should have been offered in chief, being within the sound discretion of the trial court, will not be disturbed on appeal, in the absence of a showing of surprise or prejudice to the · adverse party.

6. A bond given on appeal by a city from an order of the State Board of Control involving water rights, duly executed by the Mayor and Clerk on behalf of the city, was not vitiated by a failure to write the name of the city at the end of the bond, the body of the bond and attestation clause clearly showing the instrument to be an obligation of the city.

7. It is a uniform rule that an appellate court will not disturb a finding of fact made by a trial court when there is evidence upon which the finding may be reasonably based.

8. Percolating waters developed artificially by excavations and
   other artificial means belong to the owner of the land upon
   which they are developed, and cannot be appropriated as
   waters of the State under Const., Art. VIII, Sections I
   and II.

ERROR to District Court, Albany County; HON. W. C.
MENTZER, Judge.

James Hunt, as executor of the last will and testament of
Alice Hunt, deceased, applied to the State Engineer for a
permit to divert and appropriate waters. The application
was rejected and, on appeal to the State Board of Control,
the ruling of the State Engineer was reversed, and the City
of Laramie, claiming ownership of the waters applied for,
appealed to the District Court, where a judgment was ren-
dered in its favor; petitioner and the Board of Control bring
error.

*S. C. Downey* and *W. L. Walls,* attorney general, for
plaintiff in error.

The City of Laramie was not an aggrieved party within
the meaning of Section 733, Comp. Stats. 1910, or Section
779, Comp. Stats. 1910. (Dailey v. Anderson, 7 Wyo. 1, 48
Pac. 839; McFarland v. Pierce, 45 N. E. 706; Phillips v.
Levy, 3 N. Y. S. 664; Kineally v. Macklain, 67 Mo. 95;
State ex rel. Kineally v. Boyd, 6 Mo. App. 57-58; Street
v. Bradstreet, 33 Mass. 264; Tellinghaust v. Brown Univ.
52 Atl. 891-892; Ross v. Wigg, 3 N. E. 180-181.) The
appeal bond was insufficient, not being signed by the city.
(28 Cyc. 140.) The court erred in admitting the contract
in evidence on rebuttal. The contract was not established
as an existing and valid contract between the city and its
grantor. A contract between parties rendered void by non-
performance cannot adversely affect the interests of third
parties, or establish the right of a third party to appeal from
a ruling of the Board of Control. The petition on appeal
was unverified. Verification is required. (Section 4422
Comp. Stats. 1910. Conn v. Rhodes, 26 O. S. 644; Hanover
v. Sperry, 35 O. S. 245; Bingham v. Hill, 38 O. S. 657;

State v. Sullivan, 15 C. C. 477.) A pleading without verification where such is required has no standing. (Waites Prac., Vol. 11, p. 243; 22 Enc. P. P. 1040.) The motion to strike should have been sustained. (Warner v. Warner, 11 Kans. 100.) The Board of Control is a necessary party on appeal from its decisions, and this is especially true if the real party in interest should refuse to follow the appeal. Moreover, the attorney general is required to appear on behalf of the Board of Control in such cases. (Sections 733, 780, 781 and 783, Comp. Stats. 1910.) A party failing to offer evidence but appearing merely to cross-examine witnesses of the adverse party acquires no appealable interest. The city's grantor had submitted himself to the jurisdiction of the State water officers in seeking an appropriation of the water in question, and is for that reason estopped from denying the jurisdiction of State water officers in the premises. The State having acquired jurisdiction, retained it. (Const., Art. II, Sec. 31; Art. VIII, Sec. 1.)

*Cortherr, McCollough & Corthell,* for defendant in error.

The water in question is an artificial supply of a private as distinguished from a public character, and the Board of Control has no jurisdiction to permit its appropriation and no rights were acquired by Hunt under his permit. State waters are defined by the Const., Art. VIII, Sec. 1. The supervision of the Board of Control is limited to waters of the State. (Const., Id. Art. VIII, Sec. 2.) A water right is a right to use waters of the State. Section 724, Comp. Stats. 1910, appropriations of which are initiated by application to the State Engineer for permit. The law of natural water courses does not apply to waters artificially developed. (Wiel, 52 and 53.) The question of jurisdiction persisted throughout the proceedings and was fundamental at all stages thereof. The question was determined by the Ditrict Court in favor of defendant in error and against plaintiffs in error upon the evidence. If there was evidence to sustain this finding, it will not be disturbed on appeal. (Ketchum v. Davis, 3 Wyo. 164, 167; Columbia C. M. Co. v. Dutchess M. M. & Co., 13 Wyo. 244, 256; Slothower v. Hunter, 15

Wyo. 189, 204; Riordan v. Horton, 16 Wyo. 363, 374; Yount v. Strickland, 17 Wyo. 526, 534; City of Rawlins v. Murphy, 19 Wyo. 238, 252; Saratoga Land & Inv. Co. v. Jensen, 20 Wyo. 323; Stockgrowers Bank v. Gray, 24 Wyo. 18, 40.) There is abundant evidence to sustain the findings of the trial court. The appeal was executed by the City of Laramie, as principal, and by A. C. Jones, as surety. The body of the bond and attestation clause show it to be an obligation of the city. It was executed by the mayor and clerk under the seal of the city. The omission of the name of the city at the end of the instrument is immaterial. The point urged as to the verification of the original petition is without merit. An amended petition was subsequently filed upon which the case proceeded and there was no question as to its verification. The fact that Pope applied to the State for a permit could not confer jurisdiction where jurisdiction did not exist. Jurisdiction cannot be conferred by consent. (11 Cyc. 673.) The private character of the waters was established by evidence of physical facts and conditions; the doctrine of estoppel does not apply. The case lacks all the elements of estoppel. (Gustin v. Harting, 20 Wyo. 1.) Hunt, by sharp practice, sought to appropriate the benefits of labor and expenditures by the city and its grantor, Pope. The city has prosecuted its claim with diligence. The judgment should be affirmed.

BURGESS, DISTRICT JUDGE.

On June 5, 1913, James Hunt, as executor of the last will and testament of Alice Hunt, deceased, caused to be filed in the office of the State Engineer of the State of Wyoming an application for a permit to divert and appropriate, through the means of a ditch, for irrigation and stock purposes, the waters of a certain spring situated in Albany County, Wyoming, and known as "Pope Spring". On June 30, 1914, the State Engineer rejected the application and endorsed thereon as the reason therefor, "Owing to insufficient water supply, the proposed ditch is not feasible." From this action of the State Engineer Hunt appealed to the State Board of Control

of the State of Wyoming, which, on January 19, 1915, entered an order sustaining the action of the State Engineer in rejecting the application, for the reason, as stated in the order, "That the source of supply is underground and artificially developed." A rehearing of the matter having been granted by the Board, the proceedings finally resulted in an order and determination, November 17, 1915, setting aside its order dated January 19, 1915, reversing the action of the State Engineer, and requiring that the application be granted. In this final order the Board found that the waters of Pope Spring were subject to appropriation. In the proceedings before the Board resulting in the order and determination of November 17, 1915, the City of Laramie appeared and participated therein.

On December 10, 1915, the City of Laramie filed in the District Court of Albany County, Wyoming, its notice of appeal and appeal bond, and on December 17, 1915, its notice of perfecting appeal. On May 11, 1916, it filed in said court its petition on appeal, which was superseded by an amended petition filed March 29, 1917. In its amended petition the City of Laramie alleged, among other things, that the waters of Pope Spring, which were sought to be appropriated under the application of Hunt, were not the waters of any natural stream, spring, lake or other collection of still water, but were waters wholly discovered and developed artificially by excavation and other artificial means by one Pope, who was the owner of the lands upon which the spring in question was and is situated, and that the waters of said spring were the absolute property of said Pope; that by an agreement in writing dated February 14, 1915, between it and Pope and others, whom he had associated with him in the ownership and control of these waters, the city acquired the right to purchase said waters and to enter into the possession thereof, and, further, to explore and develop the same, and that it became obligatory upon the city to make such purchase upon the conditions set forth in the agreement; that thereafter it had entered into the possession of said waters and was using the same; that

Hunt, assuming to act under and by virtue of the authority of the permit of appropriation approved by the Board of Control, had gone upon the land upon which said spring was situated and constructed ditches and other conduits and waterways, and had seized and led away the waters of said spring.

An answer was filed admitting many of the allegations of the petition, but denying, among other things, that the waters of the spring were developed artificially or that the waters were the property of the said Pope.

The cause having come on for trial, the District Court rendered judgment on November 27, 1917, and found generally in favor of the City of Laramie.

Hunt, as executor, and the Board of Control having filed motions for new trial, which were overruled, have brought the case here by proceedings in error.

The plaintiffs in error, in seeking a reversal of the judgment, contend:

First: That the Board of Control was a necessary party to the appeal taken by the City of Laramie in this case to the district Court from the order of the Board of Control granting the application of Hunt, and that it was not made a party.

There is no statute requiring in appeals of this nature from the State Board of Control to the District Court that the Board be made a party. Section 733 of the Wyoming 1910 Compiled Statutes, provides, last sentence, that "The Attorney General shall in such cases (that is, appeals of this character) represent the State Board of Control." The Board of Control, however, voluntarily appeared in this proceeding in the District Court, and was represented by the Attorney General, acting through a special assistant. It filed in the District Court a motion to dismiss the appeal of the city; it participated in the trial, filed a motion for new trial, and joined in the petition in error in this case. Its appearance was, in legal effect, a general appearance, and it was, in fact, a party to the proceeding in the District Court.

Second: That the City of Laramie was not an aggrieved

party as contemplated by Section 733 of the Wyoming 1910 Compiled Statutes, which provides that "Any person or persons feeling himself or themselves aggrieved by any order or determination of the Board of Control * * · * may * * * take an appeal to the District Court. * * * ."

The city had appeared before the Board of Control and contested the right of Hunt to the allowance of his application. It was the contention of the city that .the waters of Pope spring were not subject to appropriation, but that they were artificially developed waters, and had become the absolute property of Barton D. Pope, who, with others, by contract, had vested the city with the right to acquire by purchase these waters, together with land upon which the spring was located, and to enter into possession of the same. In pursuance of its rights under this contract, the city had taken possession of the Pope Spring, and was using the water at the time the order of the board appealed from was made. The city, therefore, had an interest in the subject of the controversy, and was adversely affected by the order of the board appealed from. Says Corpus Juris, Vol. 3, p. 625, "As a rule, an appealable interest in the subject matter exists whenever the interest of the party may be enlarged or diminished, or his rights or liabilities affected, by the result of the appeal." See also definitions of "aggrieved party" in Words and Phrases, Vol. 1, p. 273.

Third: That the district court should have sustained the motion of Hunt to strike the original petition of the city because it was not verified.

The affidavit verifying the original petition was in proper form and was signed by one of the attorneys for the city, but it did not appear therefrom that the affidavit was sworn to, there being absent from the *jurat* the name and seal of the officer.

To this petition Hunt first filed a motion to make it more definite and certain. The filing of this motion operated as a waiver of the lack of verification, if any. (Hershiser v. Delone, 38 N. W. 863.) It is true Hunt made an applica-

tion later to withdraw his said motion, which application was granted by the court, and thereupon he moved to strike the petition because it was not verified, which was denied. The order of the District Court, however, in permitting Hunt to withdraw his motion to make more definite and certain did not operate to relieve him of the consequences of the waiver he had already made by filing his first motion. His motion to strike the petition was, therefore, too late.

Moreover, the presentation of the motion to strike was accompanied by affidavits which raised a question of fact as to whether the petition had not really been sworn to, and, though the record fails to disclose what determination was made of this question of fact, yet it may well be assumed, as consonant with the action of the trial court in overruling the motion, that the ground therefor was a finding that the petition was in fact verified.

An amended petition was subsequently filed, which was duly verified beyond question, and it was upon this amended petition that the case was tried.

Fourth: That the District Court erred in admitting in evidence in rebuttal over the objection of Hunt the contract between Pope and his associates and the City of Laramie.

It is perhaps true that the contract in question properly belonged to the case of the city in chief, and should have been offered in its case in chief. However, in such matters a trial court is vested with a sound discretion, and an appellate court will not interfere unless there has been a manifest abuse of that discretion. An examination of the record fails to disclose that the admission of the contract in rebuttal took the appellants by surprise, or deprived them of an opportunity of meeting it, or prejudiced them in any way.

Fifth: That the bond filed by the city in the District Court on its appeal from the State Board was insufficient as an appeal bond, in that it was not signed by the City of Laramie.

In the body of the bond the City of Laramie is named as the contracting party, or the party assuming the obligations

imposed therein, and the attestation clause of the bond recites, "In Witness Whereof, the City of Laramie has caused these presents to be executed by its Mayor, attested by its Clerk, and sealed with its corporate seal this 10th day of December, 1915."

The bond is then signed by the Mayor as such and attested by the City Clerk as such, and the seal of the city affixed. It is also signed by the surety. In executing a bond of this character, the city could act only through its proper officers, which were the Mayor and the Clerk. It was executed for and on behalf of the city by them. It was plain on the face of the instrument that the city was incurring the obligation, and, as executed, the failure to write the words "The City of Laramie" at the end of the bond would not vitiate it. (See Gottfried v. Miller, 14 Otto, 521; 26 Law Ed. 851.)

Sixth: That the judgment of the District Court is contrary to the evidence.

The vital question in the case was a question of fact as to whether Pope Spring was a natural spring or a spring artificially developed by means of excavations by Pope, upon whose land it was situated. From the evidence, it appears the spring was developed by digging into a subsurface stratum or formation through which and from which the waters percolated and found their way out to the surface at the point where the excavation was made. The contention of the appellants in the court below was that Pope Spring was a natural spring, but the trial court found against them and found it to be a spring artificially developed by Pope, and that its waters were private waters and the property of Pope, upon whose land it had been developed, and who, with others associated with him, had given the city the right to purchase the same by the contract heretofore referred to. These findings by the trial court are supported by ample evidence, and are binding upon this court, for it is a uniform rule that an appellate court will not disturb a finding of fact made by a trial court when there is evidence upon which the

finding may reasonably be based. (Saratoga L. & L. Co. v. Jensen, 20 Wyo. 323, 123 Pac. 415.)

Hunt, as executor, could, of course, appropriate only public waters of the state, and, as the spring in question was not a natural spring, he could acquire no rights by his application.

"The water of all *natural* streams, springs, lakes or other collections of still water within the boundaries of the state are hereby declared to be the property of the state." (Sec. 1, Art. 8, Wyo. Const.)

Supervision of "the waters of the state" is vested in the Board of Control, subject to review by the courts. (Sec. 2, Art. 8, Idem.)

"A water right is the right to use the water of the state." (Wyo. 1910 Compiled Statutes, Sec. 724.)

Any person intending "to acquire the right to the beneficial use of the *public water of the state*" shall make an application to the State Engineer for a permit. (Idem, Sec. 727.)

That percolating waters developed artificially by excavation and other artificial means, as was done in this case, belong to the owner of the land upon which they are developed is supported by abundant authority. (Long on Irrigation, Secs. 93, 95 (2nd Ed.); Howard v. Perrin, 76 Pac. 460, 8 Ariz. 347; Ryan v. Quinlan et al., 124 Pac. 512, 45 Mont. 521; Vanderwork (Territory of New Mexico intervenor) v. Hemes et al., 110 Pac. 567, 15 N. M. 439; Metcalf v. Nelson, 65 N. W. 911, 8 S. D. 87, 59 Am. St. Rep. 746; Willow Creek Irrigation Co. v. Michaleson, 60 Pac. 943, 21 Utah 248, 51 L. R. A. 280, 81 Am. St. Rep. 687.)

Other matters are referred to in the brief of plaintiffs in error, but they are not, in our opinion, under the facts of this case, of sufficient importance to justify extended discussion.

We are of the opinion that the judgment of the court below should be affirmed, and it will be so ordered.

*Affirmed.*

POTTER, J., and WINTER, DIST. J., concur.

HON CHARLES E. WINTER and HON. JAMES H. BURGESS, DISTRICT JUDGES, were called in to sit in place of BEARD, C. J., and BLYDENBURGH, J., who were unable to sit by reason of illness.