GLEN L. MEAD, Appellant, v. STATE OF NEVADA DEPARTMENT OF HEALTH, WELFARE & REHABILITATION, SERVICES TO THE BLIND DIVISON, Respondent.

No. 7532

March 13, 1975                         532 P.2d 611

[Rehearing denied April 14, 1975]

*Paul J. Williams,* of Reno, for Appellant.

*Robert List,* Attorney General, *Larry G. Bettis,* Deputy Attorney General, and *Robert Lyle,* Deputy Attorney General, Carson City, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

In the event an appointing authority shall dismiss, demote or suspend any permanent classified employee of the state, the employee may request a hearing before the hearing authority of the Personnel Division of the State of Nevada to determine the reasonableness of such action. If the hearing officer determines that the dismissal, demotion or suspension was without just cause, the action of the appointing authority shall be set aside and the employee reinstated with full pay for the period of dismissal, demotion or suspension. The decision of the hearing officer is subject to review and rehearing by the Advisory Commission. NRS 284.385; NRS 284.390. Judicial review is ultimately accorded within the provisions of NRS 233B.130 and NRS 233B.150.

Glen L. Mead was terminated from his employment as business enterprise program manager for the Nevada Bureau of Blind Services for alleged incompetency, inefficiency and negligence in the performance of his duties. He requested and received a hearing before the Nevada State Personnel Advisory Commission, an agency of the Nevada Personnel Division. That body found that Mead was not incompetent, inefficient or negligent in the performance of his duties, that his dismissal was unjustified and ordered his reinstatement. Instead of complying with the order of reinstatement the department appealed the decision to the First Judicial District Court which not only stayed the Advisory Commission's order of reinstatement but ultimately reversed the decision and upheld Mead's discharge.

Mead appeals principally on the ground that the state agency, the Department of Health, Welfare & Rehabilitation, Services to the Blind Division thereof, had no right of appeal of the decision of another state agency, the Nevada Advisory Commission of the Personnel Division, and that the trial court:

lacked jurisdiction to entertain the employer agency's appeal from the commission's order of reinstatement. We hold that the trial court was without jurisdiction. Thus, further consideration of other purported issues is unnecessary.

1. NRS 233B.130 is part of Nevada's Administrative Procedure Act and provides that judicial review is available to "any person aggrieved by a final decision . . .". "Person" is defined by NRS 233B.030(5) as ". . . any individual, partnership, corporation, association, political subdivision or public or private organization of any character *other than an agency.*" Mead's position is that because agencies are not "persons" under the act it cannot seek judicial review from the decision of the Advisory Commission.

Respondent seeks to exclude this case from the definition of "person" provided in NRS 233B.030(5) by reliance on the portion of the preamble to NRS 233B.030 that states, ". . . unless the context otherwise requires . . .". Just what that phraseology means is obscure and we defer to the specific language that rules out an agency being included as a person.

The weight of authority denies an administrative officer of a governmental entity or the governmental entity or any representative thereof, the right to attack or avoid the decision of an agency of such governmental entity, which is authorized to review and reverse the determinations of such administrative agency and does review and reverse that determination unless legislation exists giving the officer or entity the right to do so. State ex rel. Broadway Petro. Corp. v. City of Elyria, 247 N.E.2d 471, 475 (Ohio 1969).

NRS 233B.030 is specific in its exclusion of an agency as a "person." This is akin to 5 U.S.C.A. 551 of the Federal Code and specifically applicable to the section providing for judicial review of governmental agency actions. It is the rule in the federal system that this review provision's purpose is not to permit litigation between agencies but to allow relief to persons aggrieved by agency action. Lee v. Civil Aeronautics Board, 225 F.2d 950 (D.C. 1955).[1]

---

[1] 5 U.S.C.A. 551 holds, "(2) 'Person' includes an individual, partnership, corporation, association, or public or private organization other than an agency; . . ."

5 U.S.C.A. 702 holds, "A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."

5 U.S.C.A. 701 holds, "(2) 'Person,' . . . have the meanings given them by section 551 of this title."

It was not legislatively intended that governmental agencies become adversaries. To serve its purpose the Personnel Advisory Commission must have final authority. Otherwise it would face constant judicial appellate review from persons not adversely aggrieved in their personal capacities.

The orders of the trial court are vacated and the ruling of the Personnel Advisory Commission will stand.

Mead is entitled to his back pay subject to setoff of earnings from other sources during the period of his termination. Adamian v. University of Nevada, 359 F.Supp. 825 (D. Nev. 1973); Ramsey v. Hopkins, 447 F.2d 128 (5th Cir. 1971).

Remand is ordered to the Personnel Advisory Commission for computation of the net amount due Mead, plus interest (NRS 99.040(5)), and costs (NRS 18.020(4)). It is also ordered that Mead be reinstated to his position.

BATJER, MOWBRAY, and THOMPSON, JJ., concur.

GUNDERSON, C. J., concurring:

Although I agree the district court should be reversed, I would prefer to ground our opinion merely on a determination that the record before the Advisory Commission justified its decision.

In this case, I see no good reason to reach the substantially more difficult, technical point my brethren have elected to treat. I tend to think a state agency is as legally "aggrieved" as any employer, if compelled to rehire with unearned back pay an employee it can show is incompetent. I submit that, until the question is presented upon a record that fails to justify a determination of competence, there is no need to say otherwise. So far as I am aware, state agencies have not inundated the courts with proceedings of this type, as my brethren apparently feel is a danger.