Dick G. PRITCHARD, Appellant (Appellee-contestee below),

v.

STATE of Wyoming, DIVISION OF VOCATIONAL REHABILITATION, DEPARTMENT OF HEALTH AND SOCIAL SERVICES, Appellee (Appellant-contestant below).

No. 4430.

Supreme Court of Wyoming.

Sept. 23, 1975.

Edward L. Grant, of Osborn & Grant, Cheyenne, for appellant.

Robert N. Chaffin, Special Asst. Atty. Gen., Cheyenne, for appellee.

Before McCLINTOCK, THOMAS and ROSE, JJ.

ROSE, Justice.

Dick G. Pritchard, appellant, was employed March 1, 1971, as Rehabilitation Counselor on a probationary basis, by the appellee-Division of Vocational Rehabilitation, Wyoming State Department of Health and Social Services (hereafter designated as DVR), at the Casper, Wyoming office.

His employment was terminated without a hearing on June 22, 1972, by the Assistant Administrator of DVR, in person and followed by a letter of termination dated June 26, 1972. Pritchard was paid his salary through August 8, 1972.

Mr. Pritchard filed a petition for review of personnel action on July 11, 1972, with the Career Service Council (hereinafter sometimes designated as CSC) contesting the grounds for termination of employment. His contentions were that, under the rules applicable to his case, he had a right to a hearing on the question of cause because he was not on probation and, additionally, there was no factual basis for his discharge in any event. The DVR contended that he was on probation at the time of his dismissal and consequently could be summarily discharged without a showing of cause but that there was, nevertheless, cause for his dismissal. The CSC heard the case on the petition of Pritchard and testimony of witnesses, after the fact, and found for various reasons that Pritchard should not have been dismissed. On the 14th day of February, 1973, he was ordered reinstated in his former position at his former grade.

DVR filed an appeal to the District Court in and for Laramie County, Wyoming, whereupon that court, after examining the record made before the CSC and hearing the argument of attorneys, remanded the case back to the Council directing that it furnish legal authority to support its holding and forward an abstract of the facts upon which it made its findings and reached its conclusion.

The CSC thereupon issued a supplemental order which reached the same conclusion as its former one but, in which, it made some additional findings, whereupon DVR filed another petition for review with the District Court of Laramie County.

After receiving briefs, hearing arguments of counsel and reviewing the record in the case, the district court entered its order on April 8, 1974, reversing the order of the CSC dated February 14, 1973, the effect of which was to cause Pritchard to lose his job. It is from this last mentioned district court order that Mr. Pritchard appeals to this court.

*Jurisdiction of the Lower Court*

At no stage in the proceedings did either party or the court raise the question of whether or not, under the statutes of this state or by any other authority, the DVR had a right to appeal the order of the CSC to the district court.[1]

Ordinarily this court refrains from inquiring into questions not raised by the parties or the trial court at that stage of the proceedings, but since the right of appeal is statutory[2] and jurisdictional we have a duty[3] to inquire.[4]

1. The appellate process is a statutory one. This court said in 1883, in *McLaughlin v. Upton*, 3 Wyo. 48, 52, 2 P. 534, 537:

"A party can only bring his writ of error or appeal here as the statutes allow; . . . ."

We were there speaking of an appeal from a district court to the supreme court, but the same rule prevails in appealing from an administrative order to the district court. The court, in the above cited early Wyoming case, also held that when the appeal statutes are followed the appellate court acquires jurisdiction, but when they are not it does not. These rules regulated appellate matters in 1883 and they remain applicable today.

2. It is said in 4 Am.Jur.2d, Appeal and Error, "Existence and Extent of Appellate Jurisdiction," § 4. "*Generally.*" page 535:

"Appellate jurisdiction is derived from the constitutional or statutory provisions by which it is created, and can be exercised only in the manner prescribed."

3. *Big Horn Coal Co. v. Sheridan-Wyoming Coal Co.*, 67 Wyo. 300, 224 P.2d 172, 177;

Parenthetically, we observe that Justice Gray said in *Wyoming State Treasurer ex rel. Workmen's Compensation Department v. Niezwaag*, Wyo., 444 P.2d 327, 328:

"At the outset we are confronted with a question of our jurisdiction. Even though the parties have not raised the question and have submitted the case on the merits, we are duty bound to inquire into the matter and dismiss the appeal if the record discloses a want of such jurisdiction. *Big Horn Coal Co. v. Sheridan-Wyoming Coal Co.*, 67 Wyo. 300, 224 P.2d 172, 177."

### No Authority for Agency Appeal

Having inquired, we find and hold that there are no statutory provisions entitling the DVR, an agency of the State Government, to appeal an adverse administrative decision to the district courts of Wyoming. In fact, as we will see, the right of appeal from an adverse ruling is specifically denied to a state "agency" by applicable Wyoming statutes.

We further, therefore, find and hold that the appeal to the district court was taken without authority and is void—all orders made therein are without authority of law and no order made and entered there will provide the necessary support for appeal to this court. Because the question pertains to the lower court's lack of jurisdiction, our decision overruling and setting aside the order of the District Court of Laramie County is retroactive to the last effective date of the February 14, 1973 order of CSC. The order of the CSC, dated February 14, 1973, setting aside the dismissal of Pritchard is therefore reinstated and given full force and effect. In other words, the matter is remanded to the posture that it enjoyed before the District Court made its purported order overruling the order of CSC of February 14, 1973.

### The Legal Question

It is said in Cooper on "State Administrative Law," Volume 1, p. 131, § 5, "Persons (A) New Definition in Revised Model State Act,":

"While the earlier version of the Model State Act contained no definition of the term 'person' (nor, indeed, do most of the existing state administrative procedure laws), *the Revised Model State Act, borrowing from the Federal Administrative Procedure Act incorporates a definition [of "person"] which is principally noteworthy in its exclusion of agencies from the term 'person.'* [Italics and bracketed matter ours]

"The Revised Model State Act provides (Section 1(6)): ' "*Person*" *means any* individual, partnership, corporation, association, *governmental subdivision,* or public or private organization of any character *other than an agency.'* This means, in net result, that while an agency is normally a party to the proceeding it is conducting, and while one agency may become a party to proceedings being conducted by another agency, still *agencies are not* as such *entitled to the privileges which the Revised Model State Act creates for persons. This may become relevant in a number of occasions. For example, Section 15 of the Revised Model State Act confers standing to claim judicial review on persons who are aggrieved by a final decision in a contested case.*" [Italics ours] [5]

---

*Wyoming State Treasurer ex rel. Workmen's Compensation Department v. Niezwaag*, Wyo., 444 P.2d 327, 328; *Bowman v. Worland School District*, Wyo., 531 P.2d 889, 890; *Gardner v. Walker*, Wyo., 373 P.2d 598, 599; and *Tobin v. Pursel*, Wyo., 539 P.2d 361 (Decided August 21, 1975).

4. It is said in *Artoe v. Illinois Bell Telephone Co.*, Ill.App., 325 N.E.2d 698, 699:
"Before considering the appeal on the merits, it is our duty first to determine that the appeal has been properly taken so as to invoke our jurisdiction. (Citation) 'The question of whether a court has jurisdiction is *always* open, and the court may of its own motion dismiss an action where want of jurisdiction appears. (Citation)'"

5. See *Scarlett v. Town Council, Town of Jackson, Teton County*, Wyo., 463 P.2d 26, 29, footnote 4.

The Wyoming Administrative Procedure Act[6] and Rule 72.1 of the Wyoming Rules of Civil Procedure are applicable to this litigation.

The definition of "agency" in the Wyoming Administrative Procedure Act, § 9–276.19(b)(1), W.S.1957, 1975 Cum.Supp., is as follows:

"(1) *'Agency'* means any authority, bureau, board, commission, department, division, officer or employee of the state, a county, a municipality or other political subdivision of the state, except the state legislature and the judiciary."

The legislature, in 1969, created within the state government the *Department* of Health and Social Services, of which the *Division* of Vocational Rehabilitation is one division.[7]

■ Under the above definition and these statutes, DVR is an "agency."

When Pritchard was fired he filed a "petition for review" with the Career Service Council of the State of Wyoming. The Career Service Council decided the matter adversely to DVR, and DVR then filed in the District Court of the First Judicial District a "petition for review" under Rule 72.1, W.R.C.P., entitled *"Judicial review of administrative action."* Sub-section (c) thereof provides:

"(c) *Petition for Review; Other Proceedings for Review.* The proceedings for judicial review under this rule shall be instituted by filing a petition for review in the district court having venue. . . . All appeals from administrative agencies and all proceedings for trial de novo reviewing administrative action

*shall be governed by this rule."* [Emphasis ours]

Sub-section (a) of the rule (72.1, W.R.C.P.) is entitled *"Applicability"* and provides:

"(a) *Applicability.* To the extent that judicial review of administrative action by a district court is available, any *person who is aggrieved or adversely affected* in fact by a final decision of an agency in a contested case, or who is aggrieved or adversely affected in fact by any other agency action or inaction, or who is adversely affected in fact by a rule adopted by an agency, may obtain such review as provided in this rule." [Emphasis ours]

■ We therefore conclude that Rule 72.1, W.R.C.P., does govern, and the only parties who may take advantage of a "judicial review of administrative action" is a "person who is aggrieved or adversely affected . . . . by a final decision of an agency," as provided by sub-section (a), supra.

Sub-section (b) of Rule 72.1 is the *"Definitions"* section, and it says:

"As used in this rule, the words 'agency,' 'contested case,' 'party,' *'person'* and 'rule' (when referring to an agency or administrative rule) *shall have the meanings set forth in section 1(b) of the Wyoming Administrative Procedure Act, . . . ."* [Emphasis ours]

Therefore, in order for us to determine who a "person" is to whom "a judicial review of administrative action" is available under Rule 72.1(a), it becomes imperative to look to § 9–276.19(b) of the Administra-

---

6. §§ 9–276.19 to 9–276.33, W.S.1957, 1975 Cum.Supp.

7. § 9–160.1, W.S.1957, 1975 Cum.Supp., entitled *"Creation"* reads as follows:
"Effective July 1, 1969, there shall be created a *department* within the executive branch entitled 'the department of health and social services,' hereinafter referred to as 'the de-

partment.' (Laws 1969, Ch. 93, § 1)." [Italics ours]
§ 9–160.4, W.S.1957, 1975 Cum.Supp., is entitled *"Creation of divisions within department."* It says:
"There are created within the department: . . . . (c) The *division* of vocational rehabilitation. (Laws 1969, ch. 93, § 4.)" [Italics ours]

tive Procedure Act, which is entitled *"Definitions."* Sub-section (6) thereof is as follows:

"(6) *'Person'* means any individual, partnership, corporation, association, municipality, governmental subdivision or public or private organization of any character *other than an agency."* [Emphasis ours]

The judicial review section of the Administrative Procedure Act is § 9–276.32 and is entitled *"Judicial review by district courts; rules of supreme court to govern."* Sub-section (a) thereof provides:

"(a) . . . . *any person* aggrieved or adversely affected in fact by a final decision of an agency in a contested case, or by other agency action or inaction, or *any person* affected in fact by a rule adopted by an agency, is entitled to judicial review in the district court . . . ." [Emphasis ours]

If the "person" to whom the appellate procedure is made available does not include an "agency," as that term is defined in § 9–276.19(b)(1), ("agency" having been specifically excluded in § 9–276.19(b)(6)), the DVR, being an "agency," does not have a right of appeal to the district courts from an adverse ruling of the CSC.

The conclusion we reach here is bottomed in the plain English language reading of the rules and statutes and represents the overwhelming weight of authority under statutes and rules identical with or similar to our Administrative Procedure Act and Rule 72.1, W.R.C.P. In fact, an exhaustive search, of case and text law concerned with our same or similar language, fails to disclose a single authority reaching any contrary result.

■ It presumably goes without saying that if the lower court had no jurisdiction, certainly this court could not have granted the agency relief had it been unsuccessful below because, as we said in *Ginn v. Parrish,* Wyo., 362 P.2d 824, 828:

"This court can have no greater jurisdiction of the subject matter than the trial court."

### *The Legal Question Analyzed*

The question is this: Was DVR a:

"person aggrieved or adversely affected in fact by a final decision of an agency" under Rule 72.1(a), Wyoming Rules of Civil Procedure, and § 9–276.32 of the Wyoming Administrative Procedure Act? To hone it more sharply—the question is —was the DVR a "person" under the last above-cited rule and statute? In proceeding into the cases and the texts applicable to the problem, it must be constantly remembered that our Wyoming Administrative Procedure Act expressly excludes an agency as a member of the category falling within the definition of the word *"person"* (§ 9–276.19(b)(6)), and only a *"person* aggrieved or adversely affected" by a ruling of an administrative body can appeal to the courts (Rule 72.1(a), W.R.C.P., and § 9–276.32, W.S.1957, 1975 Cum.Supp., supra). [Italics ours]

The problem with which this appeal is involved is discussed in the following cases:

In *F. D. Lee, Administrator of Civil Aeronautics, petitioner, v. Civil Aeronautics Board,* 96 U.S.App.D.C. 299, 225 F.2d 950, the Administrator of Civil Aeronautics was not a:

"person disclosing substantial interest," entitling him to appeal an adverse administrative decision. The court said:

" . . . . [T]he Administrator is not what the Act means by 'any person disclosing a substantial interest' in the Board's order, and lacks standing to petition for review. The right to review of agency action is usually restricted to persons whom the agency regulates and affects adversely." (Citing Administrative Procedure Act, § 10(a), 60 Stat. 243, 5 U.S.C.A. § 1009(a)).

In *State ex rel. Broadway Petroleum Corporation, appellant, v. City of Elyria,* 18 Ohio St.2d 23, 247 N.E.2d 471 (1969), the petition was for a peremptory writ of mandamus requiring the city, its building inspector and mayor to give to petitioner a building permit, which the Board of Zoning Appeals had granted. An order issuing a peremptory writ was reversed by judgment of the court of appeals and the petitioner appealed. The supreme court held that since there were no provisions for appeal neither the building inspectors, city, nor its mayor could attack or avoid, in judicial proceedings, a decision of the board, *except as authorized by legislation.*

The order of the court of appeals was reversed and the peremptory writ order of the common pleas court was reinstated.

The court said, at page 475 of 247 N.E. 2d:

"The weight of authority negatives the right of an administrative officer of a governmental entity, or even the governmental entity or any representative thereof, to attack or avoid the decision of an agency of such governmental entity, which is authorized to review and reverse the determination of such administrative officer and does review and reverse the determination, *except to the extent that legislation gives such administrative officer, the governmental entity or its representative the right to do so."* (Citing various cases, including *Lee v. Civil Aeronautics Board,* supra; and see the same rule cited in *Tyler v. Board of Zoning Appeals,* infra.)

*Department of Labor and Industries v. Cook,* 44 Wash.2d 671, 269 P.2d 962, involves a workmen's compensation proceeding. The Board of Industrial Insurance Appeals entered a decision adverse to the Department of Labor and Industries and *the department* appealed to the court. The claimant moved to dismiss the appeal on the ground that the court did not have jurisdiction to hear the appeal. The court, agreeing with the claimant, dismissed the appeal and the department appealed to the supreme court. The supreme court held that the department did not have a right to appeal to the courts from an adverse decision of the Board.

The statutory language was much the same as appears in the Wyoming statutes, namely, it uses the words workmen, beneficiary, employer or *other person aggrieved.* In interpreting these words the court held that an agency of the government could not be the "other person aggrieved" within the framework of the applicable statutes. The court further held that the court's jurisdiction to review orders entered by state agencies is vested only in such manner as specified by law and the courts may entertain appeals from the decisions of the board only when taken by persons to whom the workmen's compensation act has expressly or by necessary implication given such right—holding that an agency of the government was not a person given such right.

In *Tyler v. Board of Zoning Appeals,* decided June, 1958, 145 Conn. 655, 145 A. 2d 832, the proceeding on appeal was from an action of the defendant zoning board granting a variance from a zoning ordinance brought to the court of common pleas. From a judgment dismissing the appeal, the commissioner appealed. The supreme court held that neither the zoning commissioner nor a member thereof was an "aggrieved person" entitled to appeal.

*Mead v. State Department of Health, Welfare & Rehabilitation, Services to the Blind Division,* Nev., 532 P.2d 611, decided March 12, 1975, rehearing denied April 14, 1975, is almost identical to the matter with which we are here concerned. In that case an employee of the Bureau of Blind Services was dismissed from his employment as business enterprise program manager. The State Personnel Advisory Commission found that the dismissal was unjustified and ordered the employee reinstated. The State Department of Health, Welfare & Rehabilitation appealed. The district court reversed and the employee appealed. The

supreme court held that the district court lacked jursidiction to entertain the employer-agency's appeal from the order of reinstatement and that the department was not a "person" within the meaning of the Administrative Procedure Act.

The court held:

". . . . [T]he trial court was without jurisdiction . . . ."

In analyzing its statute, the court said: "NRS 233B.130 is a part of Nevada's Administrative Procedure Act and provides that judicial review is available to 'any person aggrieved by a final decision . . . .' 'Person' is defined by NRS 233B.030(5) as '. . . . any individual, partnership, corporation, association, political subdivision or public or private organization of any character *other than an agency.*' Mead's [the employee's] position is that because agencies are not 'persons' under the act it cannot seek judicial review from the decision of the Advisory Commission." [Parenthetical matter ours]

The court held:

"The weight of authority denies an administrative officer of a governmental entity or the governmental entity or any representative thereof, the right to attack or avoid the decision of an agency of such governmental entity, which is authorized to review and reverse the determination of such administrative agency and does review and reverse that determination unless legislation exists *giving the officer or entity the right to do so. State ex rel. Broadway Petro. Corp. v. City of Elyria*, 18 Ohio St.2d 191, 247 N.E.2d 471, 475 (1969)." (Supra this opinion) [Emphasis ours]

We adopt the rule of *Mead v. State of Nevada, Department of Health, Welfare & Rehabilitation, Services to the Blind Division,* Nev., 532 P.2d 611, the rehearing denied April 14, 1975, as set out verbatim, supra, and *Broadway Petroleum Corporation,* supra. In so doing we recognize the concept which holds that if an "agency" is given a specific right of appeal to the courts, such a grant is within the power of the legislature and must be honored. But there must be an applicable appeal procedure spelled out in the statute. It cannot be inferred and, as here, where the statute specifically *excludes* an agency's right of appeal, there cannot be any question but that the agency enjoys no such appellate privileges.

We have no conflict in any decisions of this court with our holding here.

In *Hunt v. City of Laramie*, 26 Wyo. 160, 181 P. 137, the executor applied to the state engineer for a permit to divert and appropriate waters. The application was rejected, and on appeal to the State Board of Control, the ruling of the state engineer was reversed. The City of Laramie, claiming ownership of the waters applied for, appealed to the district court, where a judgment was rendered in its favor. The petitioner and the Board of Control brought error on the ground that under the applicable Wyoming statutes the City of Laramie had no right of appeal to the district court. The applicable statutes appearing in § 733 of the Wyoming 1910 Compiled Statutes provided:

"Any person or persons feeling himself or themselves aggrieved by an order or determination of the board of control . . . . may . . . . take an appeal to the district court. . . ."

This litigation took place prior to the Administrative Procedure Act, but even though the court said, in quoting from Corpus Juris, vol. 3, p. 625:

" '. . . . [A]n appealable interest in the subject-matter exists whenever the interest of the party may be enlarged or diminished, or his rights or liabilities affected, by the result of the appeal.',"

there is no conflict with our holding here. Under the statutes applicable to the instant matter the City of Laramie would not have been precluded in *Hunt v. City of Laramie,* supra, from appealing for the reason that under § 9–276.19(b)(6) a "person" (having

a right of appeal) includes a "municipality." This is the same section that says an "agency" is not a "person".

Similarly, in *Board of Trustees of School District No. 3, in the County of Natrona v. The District Boundary Board of Natrona County*, Wyo., 489 P.2d 413, the trustees of the school district petitioned the district court to review a decision of the District Boundary Board and it was argued that the petitioners did not have standing to maintain the action. Justice McIntyre, speaking for the court, observed:

"§ 21.1–150, W.S.1957, 1971 Cum.Supp., provides that any school district or elector or taxpayer of a school district, 'if aggrieved' by any action of the district boundary board, may institute proceedings for judicial review. Also, § 9–276.-19(a), W.S.1957, 1971 Cum.Supp., of the Administrative Procedure Act, clearly affords a right of judicial review of agency action to 'any person aggrieved or adversely affected' by a final decision of an agency."

Again, this ruling of Justice McIntyre in the aforecited case is not in conflict with our holding here because, in the first place, in the school case there is a specific statutory provision for appeal, namely § 21.1–150, W.S.1957, 1975 Cum.Supp. Secondly, a right of appeal inures to any "person" aggrieved by an agency. Person includes governmental subdivisions (§ 9–276.19(b)(6)) and school districts are "governmental subdivisions." [8] However, "person" does not include an "agency" (§ 9–276.-19(b)(6)). A school district, being an aggrieved person (governmental subdivision) can appeal, but an agency, not being a "person" and specifically excluded from the appellate review process, cannot.

For all of the reasons set out above, and under the authorities cited, we hold that the DVR did not have a right of appeal to the District Court in and for Laramie County. The orders of the District Court are void and of no force and effect since that court did not acquire jurisdiction of the person or the cause. The rights of the parties are re-established as they were when the CSC entered its order on the 14th day of February, 1973, overruling the actions of the DVR terminating the employment of Mr. Pritchard; and the CSC order aforesaid is hereby given full force and effect.

Reversed.

RAPER, J., not participating.

---

8. It is said in 68 Am.Jur.2d, Schools, § 14, p. 371:

"Varying terms have been used by the courts to describe the nature of school districts. Sometimes they are referred to or regarded as corporations, especially when so declared by statute. Similarly, they have been termed 'involuntary corporations,' or referred to as bodies corporate, or bodies politic and corporate. More frequently, school districts have been designated quasi corporations of a public character, or public quasi-municipal corporations. Like corporations, they have perpetual succession. Without reference to the corporate aspect of school districts, some courts have held them to be political subdivisions of the state, or units of local self-government."

It is said in *Hatcher v. State*, 125 Tex. 84, 81 S.W.2d 499, 500, 98 A.L.R. 1213:

". . . . [S]chool districts . . . . are bodies politic and corporate, which may contract and be contracted with, sue and be sued. School districts, whether independent districts or common school districts, are not primarily agencies of the state, but they are local public corporations of the same general character as municipal corporations."